**267 P.2d 631**

**BALLEY et al.   v.   DAVIS et al.**

**Nos. 8021, 8022.**

Supreme Court of Idaho.

Feb. 10, 1954.

Rehearing Denied March 10, 1954.

Van de Steeg & Schiller, Nampa, for J. E. and L. A. Davis.

Gigray & Boyd, Caldwell, for E. C. Davis.

Earl E. Reed, Nampa, for respondents.

PORTER, Chief Justice.

This action was commenced in Canyon County on January 29, 1951. In their complaint, respondents allege that appellants and respondents entered into a contract whereby appellants agreed to drill a deep well on the land of respondents; and that appellants breached such contract to the damage of respondents in the particulars

set out in the complaint. The complaint also alleges "That J. E. Davis, E. C. Davis, and L. A. Davis were operating as a co-partnership at the times" mentioned in the complaint.

Service of summons was made upon J. E. Davis and L. A. Davis. These defendants appeared in the action on February 17, 1951, and filed a demurrer, a motion to strike and a motion to separately state causes of action. On September 18, 1951, summons was served upon defendant, E. C. Davis. Such defendant did not appear in the action and his default was duly entered on December 28, 1951.

No further proceedings were had in the cause until October 31, 1952, at which time respondents filed the following motion:

"Comes now the plaintiffs by their attorney of record Earl E. Reed and moves the court to dismiss said action as to J. E. Davis and L. A. Davis, and to submit proof in the matter as to the defendant E. C. Davis, said action to be dismissed with prejudice as to J. E. Davis and L. A. Davis and at plaintiff's costs.

"Dated this 31st day of October, 1952."

Upon such motion the court entered the following order:

"Upon the motion of Earl E. Reed, Attorney of record for the plaintiff's herein, 5he above entitled action as to J. E. Davis and L. A. Davis is hereby dismissed with prejudice and at plaintiff's costs and that proof may be submitted to the court on the default of E. C. Davis.

"Done in open court this 31st day of October, 1952."

Proof was thereupon submitted to the court under the alleged default of E. C. Davis; findings of fact and conclusions of law were made and filed and judgment entered on November 28, 1952, against the defendant, E. C. Davis, for damages. Said judgment also contained the following provisions:

"That said judgment shall bind the joint property of the defendants J. E. Davis, E. C. Davis, and L. A. Davis and the individual property of the defendant E. C. Davis.

"It is further ordered, adjudged and decreed that the plaintiff do have execution against the joint property of the defendants, J. E. Davis, E. C. Davis and L. A. Davis and the individual property of the defendant E. C. Davis."

On January 28, 1953, defendants, J. E. Davis and L. A. Davis, moved to amend the conclusions of law and judgment by striking therefrom any statement or inference that the said judgment so entered shall bind the joint property of the said J. E. Davis, E. C. Davis and L. A. Davis.

On February 2, 1953, defendant, E. C. Davis, filed his motion to vacate the default judgment entered against him on the

ground that the liability of the defendants being a joint liability, a several judgment could not be obtained against such defendant; and that a dismissal with prejudice of the defendants, J. E. Davis and L. A. Davis, operated as a dismissal of all the defendants allegedly liable on the joint partnership obligation.

On March 30, 1953, an order was entered by the court denying the motion to amend the conclusions of law and judgment and denying the motion to vacate default judgment.

The defendants, J. E. Davis and L. A. Davis, have appealed from the order of March 30, 1953, denying their motion to amend the conclusions of law and judgment; and the defendant, E. C. Davis, has filed a separate appeal from such order denying his motion to vacate the default judgment.

Section R5–323, I.C., reads as follows:

"Actions against partners.—When two or more persons associated in any business transact such business under a common name, whether it comprises the names of such persons or not, the associates may be sued by such common name, the summons in such cases being served on one or more of the associates; and the judgment in the action shall bind the joint property of all the associates, in the same manner as if all had been named defendants and had been sued upon their joint liability."

Section 388 of the California Code of Civil Procedure is identical with our Section R5–323, I.C., except that the California section provides that the judgment shall also bind "the individual property of the party or parties served with process".

Apparently the judgment in this case was predicated on the theory that service upon one defendant was sufficient under Section R5–323, I.C., to bind the partnership property; and also the separate property of the individual partner served as provided by the California statute. An examination of the complaint, however, discloses that the suit was not brought against the partnership as a separate entity under the provisions of Section R5–323, I.C., but is a suit brought against all the individual partners on their partnership liability. 68 C.J.S., Partnership, § 209, page 683; Potts v. Whitson, 52 Cal.App.2d 199, 125 P.2d 947; Steele v. Wardwell, 57 Cal.App.2d 642, 135 P.2d 628.

Under our statutes the liability of the defendants for the partnership obligation was joint and not joint and several.

Section 53–315, I.C., reads as follows:

"Nature of partner's liability.—All partners are liable:

"1. Jointly and severally for everything chargeable to the partnership under sections 53–313 and 53–314.

"2. Jointly for all other debts and obligations of the partnership; but any partner may enter into a separate ob-

ligation to perform a partnership contract."

Sections 53–313 and 53–314, I.C., refer to a wrongful act or omission by a partner or a breach of trust and are not material in this action.

There is no contention in this cause that the alleged liability did not arise out of a partnership contract or that any of the appellants entered into a separate obligation to perform the partnership contract.

The partnership obligation of appellants being a joint obligation and not a joint and several obligation, the suit must run against all the partners and the judgment must be against all the partners jointly or against none of them save and except where one partner has a defense personal to himself. Section R10–703, I.C.; 68 C.J.S., Partnership, § 235 b., page 728; 40 Am.Jur., Partnership, Section 446, pages 441–2.

The dismissal with prejudice against the defendants, J. E. Davis and L. A. Davis barred any judgment against them individually or jointly. Pulley v. Chicago, R. I. & P. R. Co., 122 Kan. 269, 251 P. 1100; Roden v. Roden, 29 Ariz. 549, 243 P. 413; Maib v. Maryland Casualty Co., 17 Wash.2d 47, 135 P.2d 71; Bank of America v. Jorjorian, 303 Ill.App. 184, 24 N.E.2d 896.

The dismissal against J. E. and L. A. Davis prevented a joint judgment against all the partners on the partnership liability and operated as a dismissal against all the partners including the appellant, E. C. Davis. In 27 C.J.S., Dismissal and Nonsuit, § 31, page 189, we find the following:

"Joint contracts. Although there is authority to the contrary, usually based on statutes, the general rule is that in an action on a joint contract or obligation, a dismissal, discontinuance, or nonsuit as to one or more defendants served with process operates as a dismissal, discontinuance, or nonsuit as to all. This rule does not apply to prevent a discontinuance as to a defendant who is not in fact one of the joint obligors or who is a nonresident of the state so that he cannot be served, or who makes a defense personal to himself. Thus plaintiff may discontinue as to a defendant who pleads infancy, or discharge in bankruptcy, and proceed against the other defendants."

In 68 C.J.S., Partnership, § 214 b., page 692, it is said:

"Where the obligations of partners are joint, the general rule that, in an action on a joint obligation, a dismissal, discontinuance, or nonsuit as to one or more defendants served with process operates as a dismissal, discontinuance, or nonsuit as to all, applies."

The entire judgment entered by the trial court was null and void and is reversed. Costs awarded to appellants.

GIVENS, TAYLOR, THOMAS and KEETON, JJ., concur.