672 P.2d 236

**THRIFTWAY LUMBER COMPANY, an Idaho corporation, Plaintiff-Respondent,**

v.

**Darryl B. TISHERMAN and Adrianne Tisherman, husband and wife, Defendants-Appellants,**

and

**Malen Homes, Inc., an Idaho corporation; Vernon Malen and Susan Malen, husband and wife, Defendants.**

No. 14488.

Supreme Court of Idaho.

Nov. 10, 1983.

Chas. F. McDevitt, Boise, for defendants-appellants.

Richard H. Greener, Boise, for plaintiff-respondent.

PER CURIAM.

Thriftway Lumber Company brought this action to recover payment for building materials supplied to Darryl and Adrianne Tisherman and Vernon and Susan Malen operating under the partnership name of Malen Homes. During October of 1977, the business was incorporated under the name Malen Homes, Inc. The open account was terminated in July of 1979, having an unpaid principal balance of $72,122.62.

The only question presented to the trial court was the personal liability of the individual defendants either by piercing the corporate veil or based on a subsequent contract by the defendants to assume personal liability for the debt. The case was tried to the court sitting without a jury.[1] Defendants Tisherman presented a motion in limine to preclude admission of any testimony which might be offered by Thriftway to establish statements made by the Tishermans or the Malens promising to pay the account due Thriftway. In denying the Tishermans' in limine motion, the district court stated that:

"[G]iven the course of action the court has taken in waiving the jury, I will deny your motion in limine, and allow the evidence to come in. I feel that I'm in a

---

1. Prior to the trial in this case, the Malens personally agreed to pay one-half of the outstanding balance due on the open account and had paid $5,000 pursuant to that agreement. The Malens did not appear through counsel before the trial court and did not appeal the trial court judgment to this Court.

better position to wade through that evidence as it comes in, and make a proper determination as to what evidence the court should rely upon in making its final findings and conclusions."

Tr., p. 16.

After hearing the evidence presented by the parties, the court held Thriftway Lumber entitled to a judgment against the defendants Tisherman[2] predicated on two grounds: that because the corporation had been inadequately capitalized and because the corporation was the mere alter ego of the defendants, the corporate veil should be pierced to hold the defendants personally liable; and that the "defendants Tisherman, through Darryl Tisherman, promised to pay the entire open account balance due in May of 1980 and later refused to comply with this promise." Finding of Fact V. The court also held the defendants liable as partners apparently on the basis that they had never informed Thriftway Lumber of their incorporation, and Thriftway was not in any way bound by constructive notice of the incorporation.

■ On appeal, the Tishermans' primary contention is that the trial court based its finding of liability on the Tishermans as partners on a partnership obligation and thus erred in imposing liability only on the Tishermans rather than on the Tishermans and the Malens jointly, citing I.C. § 53–315(2) (judgment on a partnership obligation must run against all partners jointly) and *Balley v. Davis,* 75 Idaho 73, 267 P.2d 631 (1954). We find no error on the part of the trial court in entering judgment solely against the defendants Tisherman. After a review of the record, we hold that the trial court's imposition of individual liability on the basis of its piercing of the corporate veil and its finding of a promise by Dr. Tisherman to pay the entire debt is adequately supported by the evidence in the record and is sufficient as a matter of law to support the judgment against the Tishermans.

2. The case was initially set for a jury trial. Following a motion by the Tishermans which was objected to by Thriftway, the court, on its own motion, discharged the jury pursuant to

That the trial court alternatively held the defendants Tisherman liable as partners does not affect the validity of the judgment against them as individuals. *See Foremost Insurance Co. v. Putzier,* 102 Idaho 138, 627 P.2d 317 (1981); *Eimco Corp. v. Sims,* 100 Idaho 390, 598 P.2d 538 (1979).

■ Additionally, we find no error in the trial court's consideration of evidence that Dr. Tisherman promised to pay the entire obligation. The trial court found that such promise was not a compromise or settlement nor an attempt to compromise or settle the account and so such evidence was not inadmissible pursuant to this Court's holding in *Hatfield v. Max Rouse & Sons Northwest,* 100 Idaho 840, 606 P.2d 944 (1980). This determination is supported by the record and will not be disturbed on appeal.

The district court judgment is hereby affirmed. This appeal having been brought frivolously, unreasonably and without foundation, attorney's fees in addition to costs are awarded to respondent.

BAKES, J., sat but did not participate.

I.R.C.P. 39(a)(2) (trial may be to the court in cases in which the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist).