794 P.2d 650

**M.M. MELTON,
Plaintiff–Respondent–Cross
Appellant,**

v.

**Stanley LEHMANN,
Defendant–Appellant–Cross
Respondent,**

and

**Dan Potucek, Defendant.**

**Stanley LEHMANN, Cross–Claimant,**

v.

**Dan POTUCEK, Cross–Defendant.**

No. 18166.

Court of Appeals of Idaho.

July 3, 1990.

Fuller Law Offices, Jerome, for defendant-appellant, cross respondent. Daniel L. Mink, argued.

Nelson, Rosholt, Robertson, Tolman & Tucker, Twin Falls, for plaintiff-respondent, cross appellant. Gary D. Slette, argued.

CAREY, Judge Pro Tem.

This case involves cross-appeals from a judgment in favor of M.M. Melton on his claim against Stanley Lehmann for breach of a farm lease. The cross-appeals raise two issues: (1) should the district court have dismissed the claim against Lehmann after the claim against his co-defendant, Dan Potucek, was compromised? (2) Was the district court correct in refusing to award all the attorney fees claimed by Melton? The decision denying the motion to dismiss is affirmed and the award of attorney fees also is affirmed.

Melton leased a farm to Lehmann and Potucek for the crop years 1985 and 1986. The written lease included the following material language:

> This agreement made and entered into this *15th* day of February 1985 by and between M.M. Melton ... hereinafter referred to as Landlord and Stanley Lehman[n] ... and Dan Potucek ... hereinafter referred to as Tenants.
>
> *  *  *  *  *  *
>
> LEASED PREMISES. The Landlord hereby leases to Tenant, and Tenant hereby leases from Landlord that certain real property ... known as the Ascuena Farm....
>
> *  *  *  *  *  *

TERM. The term of this lease shall be for two years which shall include the cropping year of 1985 and the cropping year of 1986.... This is a cash lease and the sum of $15,000.00 will be paid in cash for each cropping year. The sum of $5,000.00 to be paid on execution of this document and the sum of $10,000.00 to be paid on or before May 1, 1985. The sum of $5,000.00 to be paid on or before March 1, 1986 and the sum of $10,000.00 to be paid or before May 1, 1986....

\* \* \* \* \* \*

ATTORNEY FEES. It is specifically understood between each of the parties hereto that in the event either party to this agreement should default in any manner, whether by failure to make payments specified herein or otherwise, that all attorney fees and court costs incurred in such litigation, concerning such matters, shall be collectible by the prevailing party, in addition to such other remedies as the prevailing party may have under the terms of this agreement, or which may be provided by Idaho law.

Lehmann and Potucek made the 1985 lease payments but not those due in 1986. In February 1987, Melton filed a complaint against both tenants for breach of the lease agreement. They, in turn, filed various counterclaims and cross-claims, the facts of which are not material to the resolution of the issues in this appeal.

Prior to trial Melton and Potucek settled their dispute. Under the terms of the settlement agreement, Potucek consented to entry of a judgment in favor of Melton and against himself in the amount of $15,000 plus interest, costs, and attorney fees to be assessed at a later date. The resulting judgment, entered on January 11, 1988, also dismissed Potucek's counterclaim against Melton.

In addition, the agreement required Potucek to execute a promissory note in favor of Melton in the amount of $6,000 and prohibited Melton from executing on or otherwise attempting to collect the Potucek judgment. Both Potucek and Melton lived up to the terms of the settlement agreement.

Melton apparently was concerned about the effect of the settlement on his claim against Lehmann, for the agreement provided:

4. It is expressly understood and agreed that Melton reserves for himself full and complete rights to pursue the pending litigation against Lehmann.

5. This covenant is given by Melton with full reservation of rights for damages claimed against Lehmann. This covenant is not a release, nor shall it be construed to be a release of any party, person, firm or corporation.

Melton's claim against Lehmann went to trial. At the close of Melton's evidence, Lehmann moved to dismiss the claim, arguing that he was not liable on the lease once the claim against his co-tenant had been compromised. The district court denied the motion and ultimately entered a money judgment in favor of Melton and against Lehmann. In its decision, the court gave Lehmann credit for a number of items, including a $6,000 credit for the Potucek promissory note. The final judgment, which adjudicated the claims remaining after the settlement, was entered on February 15, 1989, and was amended on May 10, 1989.

## COMPROMISE OF THE CLAIM AGAINST THE CO-TENANT

Lehmann argues on appeal that the January 11 consent judgment entered only against Potucek barred further prosecution of the claim against him because the obligation owed to Melton was joint rather than joint and several; consequently the entire obligation was merged into and extinguished by the first judgment against one but not both joint obligors. *Compare Balley v. Davis,* 75 Idaho 73, 267 P.2d 631 (1954) (dismissal of claim against one defendant on a joint partnership obligation operates as a dismissal of claim against all partners). In effect Lehmann is asking that the rules encompassed by res judicata be applied in his favor on the basis of the consent judgment.

The argument raises a serious policy question about the continuing validity of the traditional distinctions between multiple promises of the same performance that are "joint", "several", or "joint and several." The distinctions have been criticized by many thoughtful commentators, but the question need not be resolved in this case, because the judgment against Potucek was not final until all the claims of the parties to the action were adjudicated.

■ Generally the rules of res judicata, including both claim preclusion and issue preclusion, apply only to final judgments. *See Carpenter v. Double R Cattle Co.*, 105 Idaho 320, 669 P.2d 643 (Ct.App.1983), *vacated on other grounds*, 108 Idaho 602, 701 P.2d 222 (1985); *Gilbert v. Nampa School Dist. No. 131*, 104 Idaho 137, 657 P.2d 1 (1983); RESTATEMENT (SECOND) OF JUDGMENTS § 13. Under I.R.C.P. 54(b), a judgment which adjudicates some, but not all, claims presented in an action is not final unless so certified by the judge. The district judge did not issue a Rule 54(b) certificate upon entry of the consent judgment against Potucek. The judgment, therefore, was not final. In the absence of a determination and direction of finality, I.R.C.P. 54(b) provides:

> any order or other form of decision, however designated, which adjudicates less than all the claims or the rights and liabilities of less than all the parties shall not terminate the actions as to any of the claims or parties, and the order or other form of decision is subject to revision at any time before the entry of judgment adjudicating all the rights and liabilities of the parties....

Because the judgment entered against Potucek on January 11, 1988, was provisional and subject to revision by the court at any time prior to entry of a final judgment, res judicata does not apply and Lehmann's merger argument must fail.

The *Balley* case, relied on by Lehmann, was decided in 1954, prior to promulgation of I.R.C.P. 54(b). At that time our Supreme Court had not addressed the modern rules of issue preclusion and claim preclusion. *Balley*, therefore, is not a controlling precedent for the issues presented in this appeal.

■ Lehmann also argues that Melton's agreement not to execute against Potucek discharged his own liability for claims arising out of the lease. The modern rule, however, is that an agreement to satisfy or release a judgment, or a covenant not to execute upon it, does not discharge the liability of any other person liable for the loss, except to the extent that the agreement may so provide and to the extent required under the law of suretyship. RESTATEMENT (SECOND) OF JUDGMENTS § 50 and comment a; *see* RESTATEMENT (SECOND) OF CONTRACTS § 295.

The agreement reserved to Melton the right to continue his litigation against Lehmann, and Lehmann has not cited any rule or law of suretyship that applies to this case. The judgment against Lehmann will be affirmed.

## ATTORNEY FEES

■ Melton has cross-appealed the decision of the district court not to award all his attorney fees. The lease provided for an award of attorney fees to the prevailing party, but the court refused to make an award in favor of Melton for fees incurred prior to the date of the settlement agreement or for fees incurred after February 15, 1989, the date on which the unamended final judgment was entered. The court did make an award for attorney fees incurred between January 1988 and February 1989.

■ The district court's decision on attorney fees has the appearance of ignoring the lease provision for collection of "all attorney's fees and court costs incurred in such litigation,...." The augmented record presented on appeal, however, includes only the district court's memorandum decision on costs and attorney fees. It contains neither the cost bills, nor the objections to the claimed costs and fees, nor the arguments of the parties. An appellate court should not presume error; error must be demonstrated affirmatively by the record. Both the appellant and the

cross-appellant have a burden of establishing a record and presenting it on appeal to substantiate their respective claims before the appellate court. *State v. Murinko,* 108 Idaho 872, 702 P.2d 910 (Ct.App.1985).

It is true that Melton attached to his brief various papers relating to the amount and basis of his claimed fees, but these documents have not been certified as part of the record by the court officer having that duty, nor have they otherwise been settled as part of the record on appeal. Consequently they may not be considered. *Compare Shacocass, Inc. v. Arrington Construction Co.,* 116 Idaho 460, 776 P.2d 469 (Ct.App.1989). Because of the lack of an adequate record, the judgment relating to attorney fees must be affirmed.

■ While Melton was not successful on his cross-appeal, he was the prevailing party on the underlying claim for breach of the lease agreement, both at trial and on appeal. Based on the terms of the lease, Melton is entitled to an award of costs and fees incurred on the appeal but not on the cross-appeal. Upon submission of a timely cost bill complying with I.A.R. 40 and 41, separately showing fees for the appeal and cross-appeal, the Court will determine costs and reasonable attorney fees to be awarded. The judgment of the district court is affirmed.

BURNETT and SWANSTROM, JJ., concur.