844 P.2d 1388

**Douglas D. HENDERSON,
Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 19836.**

Court of Appeals of Idaho.

Dec. 24, 1992.

Petition for Review Denied Jan. 27, 1993.

Alan E. Trimming, Ada County Public Defender, Joseph L. Ellsworth, Deputy Public Defender, Boise, for petitioner-appellant.

Larry EchoHawk, Atty. Gen., Thomas P. Watkins, Deputy Atty. Gen., Boise, for respondent.

PER CURIAM.

This is an appeal from an order by the district court summarily dismissing, without an evidentiary hearing, an amended application for post-conviction relief. The petitioner-appellant contends: 1) the court erred in not holding an evidentiary hearing; 2) the court erred in concluding that the petitioner's failure to appeal the underlying conviction barred relief on the allegations of the amended petition; and 3) the court erred in failing to grant relief to the petitioner. We affirm.

Following a jury trial, the petitioner was adjudicated guilty of felony driving while under the influence. He later filed this action for post-conviction relief. The proceeding was dismissed after the district court reached two conclusions with respect to the petitioner's amended application. First, the court determined that the allegations in the amended petition were "virtually identical" to grounds asserted by the defendant-petitioner in his *pro se* motion for new trial which he had filed after the jury's verdict of guilty, but before judgment had been entered and sentence imposed. Second, because the motion for new trial had been denied by the district court following hearing and no appeal was taken by the defendant from the judgment of conviction, the court held that the petitioner was precluded as a matter of law from raising any of the issues advanced in his amended request for post-conviction relief.[1]

---

1. Notwithstanding this expressed reason for dismissing the amended application, the court nonetheless also reviewed the merits of the petitioner's claims. With respect to matters identified by the court as "evidentiary considerations" raised by the amended petition, the court held that

> These allegations merely contradict proof offered at trial. Nothing is offered which was not developed at trial, and no new evidence is offered. The allegations constitute nothing more that the unsubstantiated conclusions of the petitioner. Further, the substance of these same allegations was advanced as part of defendant's motion for new trial, and were

therefore in the record for appeal if a timely appeal had been taken.

The court also addressed allegations identified as claims of ineffective assistance of counsel. Upon review of these claims, the court concluded they were insufficient to justify further proceedings in post-conviction relief. The court found that "the allegations consist of conclusory statements only, without any demonstration of prejudice or statement of facts showing that the conduct of counsel would have made a difference." While these observations go to the merits of the petitioner's claims, it is unnecessary for us to review those rulings, in light of our ultimate conclusion on this appeal.

For purposes of appellate review, a summary dismissal of an application for post-conviction relief will be upheld if the application would not entitle the applicant to relief as a matter of law. *Parrott v. State*, 117 Idaho 272, 787 P.2d 258 (1990); *Griffith v. State*, 121 Idaho 371, 825 P.2d 94 (Ct.App.1992). Having reviewed the record presented to us on this appeal, we conclude that the district court correctly dismissed the amended application.

Idaho Code § 19–4901(b) provides:

Any issue which could have been raised on direct appeal, but was not, is forfeited and may not be considered in post-conviction proceedings, unless it appears to the court, on the basis of a substantial factual showing by affidavit, deposition or otherwise, that the asserted basis for relief raises a substantial doubt about the reliability of the finding of guilt and could not, in the exercise of due diligence, have been presented earlier.

It is well settled that the Uniform Post–Conviction Procedure Act cannot be used as a substitute for appeal, *Dionne v. State*, 93 Idaho 235, 459 P.2d 1017 (1969), and that allegations which could and should have been raised by a direct appeal cannot be later asserted through an application for post-conviction relief. *Watkins v. State*, 101 Idaho 758, 620 P.2d 792 (1980). *See also McKinney v. State*, 115 Idaho 1125, 772 P.2d 1219 (1989); *State v. Gee*, 107 Idaho 991, 695 P.2d 376 (1985); *Parsons v. State*, 113 Idaho 421, 745 P.2d 300 (Ct.App. 1987); *Almada v. State*, 108 Idaho 221, 697 P.2d 1235 (Ct.App.1985). As the district court here noted, the grounds for relief asserted in the post-conviction application were, in essence, the same as the grounds raised in the defendant's unsuccessful motion for a new trial. Once the motion for new trial was denied and judgment was entered, the defendant had 42 days in which to file an appeal. I.A.R. 14(a). That appeal was never pursued. Under I.C. § 19–4901(b), he is precluded from raising the same issues a second time by way of a post-conviction proceeding.

The petitioner attempted to place the blame upon his court-appointed counsel for not appealing from the judgment of conviction in order to test the court's ruling on the issues framed by the motion for new trial. The court below considered this challenge but found to the contrary. With slight editorial changes, we adopt the following statement of the district court, in the context of 1987 when the petitioner's conviction occurred.

The defendant was found guilty on June 22, after trial by a jury, of felony driving under the influence. He was represented by a lawyer from the public defender's office. On July 15, after the trial but before sentencing, the defendant filed a *pro se* motion for a new trial, asserting that he had been afforded ineffective assistance of counsel, and alleging in part certain evidentiary defects in the trial. A hearing was held on July 23. Defense counsel advised that he did not wish to participate in the motion for new trial. The court was informed that the defendant intended to obtain private counsel, but if he was unable to do so, he wished to argue the motion for new trial himself. The court continued the proceedings until August 14. On that date, a hearing was held and the defendant argued his motion *pro se*. At the conclusion of the hearing on this motion, the court denied the motion for new trial, pronounced the judgment of conviction and imposed sentence.

On September 1, a notice of substitution of counsel was filed indicating that another attorney (private counsel) was undertaking representation of the defendant in place of the public defender. The appeal time had not yet expired on the judgment of conviction when this substitution was filed. The defendant's new attorney then represented him on a motion for modification of the defendant's sentence. No further proceedings were requested by private counsel with respect to the motion for new trial and no appeal was filed. After the time for appeal had expired, defendant's new counsel filed a motion to withdraw, representing to the court that no further matters were pending upon which he had been retained to assist the defendant. A hearing was held on November 5, and the defendant stated that he had no objection to the

withdrawal by this attorney. No appeal had been filed.

Based on the foregoing, the district court reached the conclusion that

[The petitioner's] allegation that the failure to take an appeal was the responsibility of the public defender's office is without merit. Private counsel of defendant's choosing had substituted in during the time. Later, with defendant's agreement, his private counsel withdrew after representing to the court that no further issues remained for counsel's attention. By defendant's choice, the public defender's office was not representing the defendant during the time the appeal decision was to be made.

From our review of the record, we conclude that the district court's analysis is sound. If the defendant desired to obtain appellate review of his judgment of conviction, the responsibility to pursue such a remedy by perfecting an appeal would have shifted from the public defender's office to private counsel, chosen by the defendant while the time for an appeal remained extant. The defendant's application for post-conviction relief does not allege any failure by private counsel to pursue an appeal. We are thus left with the principle that because no appeal was taken from the issues framed by, and decided upon, the motion for new trial, the petitioner is precluded from raising those same issues in his post-conviction application.

Accordingly, the order dismissing the action is affirmed. No costs or attorney fees on appeal.