858 P.2d 798

**Michael A. LAKE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 20194.

Court of Appeals of Idaho.

June 29, 1993.

Petition for Review Denied Sept. 28, 1993.

Michael A. Lake, pro se appellant.

Larry EchoHawk, Atty. Gen., Boise, for respondent.

PER CURIAM.

This is an appeal by Michael Lake from an order denying relief on his application under the Post-conviction Procedure Act, I.C. § 19–4901 *et seq.* In his petition, filed on May 4, 1990, and later amended on August 15, 1990, Lake challenged his judgment of conviction on four counts of lewd conduct with a minor child which had been entered in April, 1984, the revocation of probation in November, 1985, in the lewd conduct case, and his judgment of conviction for escape, entered in 1986. After a hearing on the amended application, the district court denied relief. In summary, the court concluded that the application for relief from the 1984 convictions was time-barred under I.C. § 19–4902. As a result, the court did not address the merits of any

claim raised by Lake's application with respect to the lewd conduct convictions. The court also determined there was no merit to Lake's claim that his escape from the Kootenai County jail while he was incarcerated awaiting disposition of charges of probation violation under the suspended sentence given on the lewd conduct convictions did not constitute a crime under the provisions of I.C. § 18–2505 in effect in 1985 when Lake absconded from the jail. Finally, the court held that Lake had not been deprived of the effective assistance of counsel with regard to the escape conviction, notwithstanding Lake's assertion to the contrary.

Lake raises eleven issues on appeal. All but one essentially dispute the court's findings of fact and conclusions of law in arriving at the decision to deny Lake's application. After due consideration in light of the record in this case, we conclude that only two issues merit discussion in detail.

■ We have reviewed the decision of the district court filed in this case in light of the issues raised and we hold that, with one exception, the court's findings are not clearly erroneous, I.R.C.P. 52(a), and that its conclusions of law were correct. I.C. § 19–4907. The one determination upon which we believe the court reached an erroneous conclusion relates to Lake's claim of ineffective assistance of counsel at the time Lake's probation was revoked in November, 1985. The court essentially held that all claims relating to Lake's conviction for lewd conduct, including claims arising from the probation revocation proceeding, were barred because Lake's application for post-conviction relief had not been filed within the five-year period allowed by I.C. § 19–4902 following the entry of the judgment of conviction in April, 1984. In his application for relief, Lake had alleged that he had been denied the effective assistance of counsel with respect to the revocation of his probation. The application for post-conviction relief, filed in May, 1990, was within five years of the November, 1985, probation revocation proceeding and therefore was timely filed. Rather than denying the alleged claim of ineffective assistance

of counsel during the probation revocation proceeding on the ground of untimeliness, the district court should have decided that question on the merits because it does appear to have been timely raised. Accordingly, we affirm in part, but vacate in part, the order denying Lake's application and remand this case to the district court to decide whether Lake was deprived of the right to effective assistance of counsel during the probation revocation proceeding as alleged in his application.

The other issue that we shall address is one not involving the findings of fact or conclusions of law which were made with respect to the application for post-conviction relief. It is concerned instead with a collateral motion filed by Lake to obtain credit for time served in jail upon his arrest in Arizona in 1985 on a bench warrant issued pursuant to the alleged probation violation on the suspended sentence in the lewd conduct case. Lake contends that the district court committed error by failing to grant this motion. However, although Lake's motion for credit appears in the record and the lower court's minutes indicate that the motion was heard by the court, there is no order contained in the record to establish what disposition, if any, was made of the motion. Without such an order, we cannot determine whether any error occurred with regard to this claim. It is the responsibility of the appellant to provide a record sufficient to enable the appellate court to decide the particular issue raised. *State ex rel. Hodges v. Hodges,* 103 Idaho 765, 653 P.2d 1177 (1982); *Melton v. Lehmann,* 118 Idaho 61, 794 P.2d 650 (Ct.App.1990).

In summary, the order of the district court denying relief is affirmed in part and vacated in part and the case is remanded for further proceedings consistent with this opinion.