882 P.2d 988

**Michael A. LAKE, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

No. 21021.

Court of Appeals of Idaho.

Sept. 8, 1994.

Petition for Review Denied Nov. 3, 1994.

334

Michael A. Lake, pro se.

Larry EchoHawk, Atty. Gen., Myrna A.I. Stahman, Deputy Atty. Gen., Boise, for respondent.

PERRY, Judge.

In this appeal following remand, Michael Lake challenges the district court's denial of relief on his post-conviction application alleging ineffective assistance of counsel at his probation revocation proceedings. We affirm the order of the district court.

Lake filed an application for post-conviction relief relative to his conviction on four counts of lewd conduct with a minor, the revocation of probation on the lewd conduct charges, and his conviction for escape. The district court conducted a hearing on the application and denied relief. On appeal, the judgment entered by the district court was affirmed in part, but vacated as to its order denying Lake's application as it related to the revocation of probation on the lewd conduct charges as time-barred. *Lake v. State,* 124 Idaho 259, 858 P.2d 798 (Ct.App.1993). The Court of Appeals held that the applica-

tion for post-conviction relief was timely filed with respect to the claims of ineffective assistance relating to the probation revocation on the lewd conduct charges. We remanded the case for the district court to consider the merits of Lake's claims in that regard.

On remand, the district court determined that no further hearing was required and reconsidered the claims of ineffective assistance of Lake's counsel at the probation revocation proceedings. The district court concluded that Lake had failed to prove that counsel's performance was deficient or that any deficiency would have resulted in the reasonable probability of a different outcome. The district court issued a second opinion denying relief on Lake's post-conviction application. Lake appeals.

Lake asserts that the district court erred in concluding that he was not entitled to relief on his ineffective assistance of counsel claims. Lake alleges that he was denied due process in his probation revocation proceedings and that his admission to the violations was coerced. He also asserts error in the district court's failure to take judicial notice of the record on the prior appeal and the district court's failure to hold another hearing prior to ruling on the post-conviction issues which were remanded.

## STANDARD OF REVIEW

An application for post-conviction relief is a special proceeding, civil in nature, and is an entirely new proceeding distinct from the criminal action which led to the conviction. *Peltier v. State*, 119 Idaho 454, 808 P.2d 373 (1991). The rules of civil procedure are applicable in such a proceeding. *Id.* The applicant in a post-conviction case, like a civil plaintiff, has the burden of proving the allegations which entitle him to relief by a preponderance of the evidence. I.R.Cr.P. 57(c); *Clark v. State*, 92 Idaho 827, 452 P.2d 54 (1969); *Odom v. State*, 121 Idaho 625, 826 P.2d 1337 (Ct.App.1992). We review the district court's decision on the post-conviction application for competent and substantial evidence to support the court's findings and will not disturb the findings unless they are clearly erroneous. *Holmes v. State*, 104 Idaho 312, 658 P.2d 983 (Ct.App.1983).

In order to establish a violation of the constitutional guarantee of effective assistance of counsel, the defendant must show both deficient performance and resulting prejudice. *Gibson v. State*, 110 Idaho 631, 634–35, 718 P.2d 283, 286–87 (1986), *citing Strickland v. Washington*, 466 U.S. 668, 104 S.Ct. 2052, 80 L.Ed.2d 674 (1984). To show that counsel's performance was deficient, the applicant for post-conviction relief has the burden of showing that his or her attorney's representation fell below an objective standard of reasonableness. *Aragon v. State*, 114 Idaho 758, 760 P.2d 1174 (1988). To establish prejudice, the applicant must show a reasonable probability that, but for his or her attorney's deficient performance, the outcome of the proceeding would have been different. *Id.*

## DISCUSSION

### 1. POST–CONVICTION ISSUES

#### A. Ineffective Assistance Claims.

The specific instances of ineffective assistance Lake alleged in his application for post-conviction relief were: (1) failure to investigate and research the probation violation report; (2) failure to have sufficient contact with him prior to the revocation hearing; (3) failure to call witnesses at the hearing; (4) failure to advise of the sentence that he would receive if he admitted the probation violations; and (5) failure to obtain a commitment from the district court as to the sentence he could expect if he admitted the violations. On appeal from the district court's order after remand, Lake only challenges the district court's rulings on the first three claims with regard to counsel's failures to investigate and research the probation violation report and to call witnesses.

In its memorandum opinion denying post-conviction relief, the district court stated that Lake had admitted, both orally and in writing, the recent sexual molestation which occurred in the state of Washington, as alluded to in the probation violation report. The district court held that counsel's conduct could not be construed as ineffective assistance when counsel failed to seek advance

confirmation from the district court of the sentence it would impose upon probationer's admission of the violations. As to the remaining allegations, the district court held that Lake did not show how counsel's investigation and research of the probation violation report and the calling of witnesses would have produced a different result.

"The benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied upon as having produced a just result." *Strickland,* 466 U.S. at 686, 104 S.Ct. at 2064. In this case, we are not scrutinizing a trial, but a probation revocation hearing. It is undisputed that prior to and during the probation revocation hearing, Lake admitted the prohibited contact with juvenile females and the offending sexual molestations in the state of Washington, which constituted violations of the terms of Lake's probation. His written statement admitting the facts in the probation violation report was entered without objection at the hearing.

■ Lake's first three claims of ineffectiveness of counsel relate to the discovery of evidence counsel presumably should have uncovered and should have presented to dispute the alleged probation violations. Lake, however, asserts no facts which would have been discovered to disprove the alleged violations, which he had admitted. Therefore, we do not believe that any alleged failures by counsel to investigate, research or call witnesses amounted to ineffective assistance of counsel. We hold, as did the district court, that Lake made no showing of prejudice stemming from his counsel's alleged inadequate investigation, insufficient contact with Lake and failure to call witnesses.

Lake next claims on appeal that he was denied due process in his probation revocation proceedings, which denial he attributes to ineffective assistance of his counsel. By citing *Morrissey v. Brewer,* 408 U.S. 471, 92 S.Ct. 2593, 33 L.Ed.2d 484 (1972), which sets forth the due process which must be accorded a defendant upon the revocation of his parole, Lake asserts a denial of his right to disclosure of the evidence against him, to confront adverse witnesses, to a neutral hearing body and to a written statement of reasons for the revocation. Lastly, Lake claims that the ineffectiveness of his counsel coerced him into admitting the allegations in the report of violations.

■ Post-conviction relief proceedings are available to address a convicted defendant's claim that his probation was unlawfully revoked by the court in which he was convicted. I.C. § 19–4901(a)(5). An applicant for post-conviction relief, however, should raise all issues and claims in the original application or an amended application. I.C. § 19–4908; *Parsons v. State,* 113 Idaho 421, 745 P.2d 300 (Ct.App.1987). Any grounds for relief not raised are permanently waived if the grounds were known or should have been known at the time of the first petition. *Stuart v. State,* 118 Idaho 932, 801 P.2d 1283 (1990). In his application, Lake did not raise claims that his counsel's ineffectiveness caused him to be denied his due process rights and to admit the probation violations. Where the district court did not have the opportunity to rule on Lake's denial of due process claim and his claim that his admissions were coerced, this Court will not address these challenges on appeal. *See State v. Martin,* 119 Idaho 577, 808 P.2d 1322 (1991).

> Issues not raised in the trial court cannot later be raised on appeal unless the alleged error constitutes "fundamental error." *State v. Mauro,* 121 Idaho 178, 180, 824 P.2d 109, 111 (1991); [*State v.*] *Lavy,* 121 Idaho 842, 844, 828 P.2d 871, 873 (1992). Fundamental error has been defined to mean an error "which so profoundly distorts the trial that it produces manifest injustice and deprives the accused of his constitutional right to due process." *Id.*

*Nellsch v. State,* 122 Idaho 426, 434–35, 835 P.2d 661, 669–70 (Ct.App.1992). Even assuming that the right to effective assistance of counsel is the type of defect that can be raised for the first time on appeal, there is nothing in the record provided that supports Lake's claims. *See id.* at 435, 835 P.2d at 670. Therefore, Lake is not entitled to post-conviction relief.

**B. Procedural Errors.**

We now turn to Lake's contentions that the district court erred in the manner in which it carried out the remand order. First, Lake contends that the district court should have taken judicial notice of the record and the briefs in the prior appeal when it considered the post-conviction issues surrounding the probation revocation hearing. Second, Lake argues that he was entitled to another hearing before the district court rendered its decision on the post-conviction issues which were the subject of the remand.

■ Lake has not pointed out what would be in the record that the district court would need in order to decide the post-conviction issues on remand. Moreover, we are aware of no request made by Lake in this appeal to augment the record to include the record on appeal and briefs from his prior appeal. *See* I.A.R. 28(b), 30. We conclude that no reversible error has been shown.

The evidentiary hearing on Lake's original post-conviction application was held in July 1991. Lake was represented by counsel at that hearing. In July 1992, the district court issued its memorandum opinion and order denying post-conviction relief, ruling that Lake's application was time-barred. The transcript from the hearing on Lake's post-conviction application has not been made a part of the record in this appeal.

■ In looking at the application for post-conviction relief, we presume regularity as to matters not alleged to have been irregular. *Clark v. State,* 92 Idaho 827, 832, 452 P.2d 54, 59 (1969). We conclude, in the absence of any contentions to the contrary, that Lake was allowed to present testimony in support of each of his claims that his counsel at the probation revocation hearing was ineffective. While Lake may have mistakenly anticipated a second hearing on his application following the remand, we hold that it was not an abuse of the district court's discretion to consider the issues that were remanded without first holding an additional hearing.

**2. OTHER ISSUES**

Lake contends that the district court erred in neglecting to rule on the issue regarding his entitlement to credit for time served. Lake believes that the remand for the district court to decide the ineffective assistance claims on the merits included his claim for credit for time served. This, however, was not the case. We previously held that Lake's claim for credit for time served could not be determined because Lake failed to provide a record sufficient to enable the review he sought. *Lake v. State,* 124 Idaho 259, 858 P.2d 798 (Ct.App.1993). The issue was not remanded for further consideration by the district court. Therefore, the district court did not overlook the issue and did not commit error in this regard.

■ Finally, Lake attempts to challenge the consecutive nature of his sentences and the subsequent revocation of his probation on the underlying convictions on the four counts of lewd conduct with a minor. These issues, however, are not within the scope of post-conviction proceedings, which cannot be used as a substitute for appeal. I.C. § 19–4901(b); *Henderson v. State,* 123 Idaho 138, 139, 844 P.2d 1388, 1389 (Ct.App.1992), *citing Dionne v. State,* 93 Idaho 235, 459 P.2d 1017 (1969).

In summary, we agree with the district court's conclusions that Lake failed to show that his counsel's performance in the probation revocation proceedings constituted ineffective assistance. We also find no error in the district court's decision to enter its decision following the remand without further hearing and without taking judicial notice of the record in the prior appeal. We conclude that the remainder of the claims asserted by Lake do not entitle him to relief or are without merit.

We affirm the order of the district court, after remand, denying post-conviction relief on Lake's claims of ineffective assistance in the probation revocation proceedings.

WALTERS, C.J., and LANSING, J., concur.