894 P.2d 172

WESTERN STOCKGROWERS ASSOCIATION, an Idaho Corporation, Plaintiff–Appellant–Cross–Respondent,

v.

Calvin EDWARDS and Karla Edwards, husband and wife, Defendants–Respondents–Cross–Appellants.

No. 21462.

Court of Appeals of Idaho.

April 27, 1995.

William R. Hollifield, Twin Falls, for appellant.

John A. Doerr, Twin Falls, for respondents.

PERRY, Judge.

In this case we are asked to review the district court's entry of a directed verdict in favor of the defendants. After reviewing the plaintiff's evidence presented at the jury trial, we affirm.

## FACTS AND PROCEDURE

On August 7, 1990, a grass fire started on Bureau of Land Management land south of Twin Falls. The fire burned several thousand acres and damaged a number of fences owned by the Western Stockgrowers Association (the Association). The fences were erected and maintained by the Association for range management, pursuant to permits its members hold to graze cattle. Calvin Edwards, who was in the area at the time, admitted that either he or his vehicle was the cause of the fire.

The Association filed suit against Edwards, alleging that he had negligently caused the fire. At trial before a jury, the Association offered six witnesses who testified about the day of the fire, Edwards' actions and statements, and the damage done to the Association's fences. One witness, who saw Ed-

wards' jeep near the origin of the fire, stated that he saw puffs of white smoke coming from under the vehicle. Another witness testified that Edwards had stated that some sagebrush had been caught under his vehicle which was the cause of the fire. Edwards, however, was not called as witness by the Association. After the Association completed the presentation of its evidence, Edwards moved for a directed verdict. The district court, accepting Edwards' argument that the Association had failed to establish any negligent conduct by Edwards, granted the motion and dismissed the case.

The Association appeals, claiming that the district court erred in granting the directed verdict because there was sufficient evidence upon which a jury could have found Edwards negligent. Edwards cross-appeals the district court's denial of his request for attorney fees and also seeks attorney fees on this appeal.

## ANALYSIS

### A. DIRECTED VERDICT

We first note that whether a verdict should be directed is purely a question of law upon which the parties are entitled to full and free review by an appellate court. On review, we apply the same standard that governed the trial court's decision—whether, viewing the evidence in the light most favorable to the non-moving party, there is substantial evidence upon which a jury could have properly found in favor of the non-moving party. *Quick v. Crane,* 111 Idaho 759, 764, 727 P.2d 1187, 1192 (1986); *City of Lewiston v. Lindsey,* 123 Idaho 851, 854, 853 P.2d 596, 599 (Ct.App.1993).

The Association first contends that the district court erred in ruling that the doctrine of *res ipsa loquitur* did not apply to this case. In Idaho:

A plaintiff, seeking to invoke the doctrine [of *res ipsa loquitur* ] must show: (1) that the agency or instrumentality causing the injury is under the control and management of the defendant; and (2) that the circumstances were such that common knowledge and experience would justify the inference that the accident would not

have happened in the absence of negligence. "The application of the doctrine of res ipsa loquitur does not shift the burden of proof to the defendant. It merely shifts to the defendant the obligation to produce evidence to explain or rebut the inference of negligence raised by the application of the doctrine." *C.C. Anderson Stores Co. v. Boise Water Corporation,* 84 Idaho 355, 360, 372 P.2d 752, 754 (1962).

*Hale v. Heninger,* 87 Idaho 414, 422, 393 P.2d 718, 722 (1964). *See also Jerome Thriftway Drug, Inc. v. Winslow,* 110 Idaho 615, 717 P.2d 1033 (1986); IDJI 215.

The district court, in rejecting the doctrine, determined that an inference of negligence was not justified because a fire such as the one in this case could occur without negligence. Our independent review of the record supports this conclusion. At trial, there was no evidence presented regarding the actual cause of the fire, whether related to some mechanical problem of the car or otherwise. Evidence was presented, however, that on the day of the fire, the weather was hot, dry and at least mildly windy. One witness testified that dry plants grew in the road on which Edwards had been driving. Because a variety of circumstances could start a fire in such a situation, many of which would not require negligence, the doctrine of *res ipsa loquitur* is not applicable. We do not believe that common knowledge and experience justifies making such an inference of negligence, and we affirm the order of the district court in this regard.

The Association also argues that the district court erred by granting the directed verdict on the negligence claim based on a lack of evidence. The Association asserts that there was sufficient evidence upon which a jury could have based a finding of negligence. In Idaho, a cause of action in negligence requires proof of the following: (1) the existence of a duty, recognized by law, requiring the defendant to conform to a certain standard of conduct; (2) breach of that duty; (3) a causal connection between the defendant's conduct and the resulting injury; and (4) actual loss or damage. *Black Canyon Racquetball Club, Inc. v. Idaho First Nat'l Bank, N.A.,* 119 Idaho 171, 174–75, 804 P.2d

900, 904–05 (1991); *Sanders v. Kuna Joint School Dist.*, 125 Idaho 872, 876 P.2d 154 (Ct.App.1994).

■ The district court determined that, although causation was not an issue, there was insufficient evidence as to breach. The district court noted:

> There was no evidence to show that the operation of the jeep prior to the fire was inappropriate. There was no evidence of prior knowledge of mechanical defect. There was no evidence of closure of the road, and it was not unusual for traffic to be on that road on the date in question. There was no evidence that there was a jeep malfunction or equipment failure on the date in question.... there is no direct evidence as to what the conduct was which started the fire, no observation of negligent operation, no observation or testimony concerning being out, with knowledge, in a closed area, a fire danger, no evidence that the operation of the jeep was anything other than on the Indian Springs Road....

Again, our independent review of the record supports the conclusion of the district court. Although Edwards did admit on the date of the incident that he or his vehicle was the actual cause of the fire, he did not state that he had been negligent. The only evidence presented regarding negligent conduct by Edwards consisted of the testimony of Steve Nutting, a deputy sheriff who arrived at the scene of the fire shortly after it began. Nutting testified that Edwards had stated the muffler of his jeep had caught some sagebrush underneath his vehicle which started the fire. On cross-examination, however, Nutting admitted that he did not recall if Edwards had been off the road.

No evidence was presented as to how the brush may have ended up under the jeep. As the district court noted, there was no evidence as to what mechanical process or accident may have caused the fire. The testimony of Nutting was the only evidence to indicate that Edwards may have been driving off the road. The witness who testified that he saw white smoke coming from under Edwards' vehicle provided no information as to what may have caused the fire. There was

also no evidence that it was unreasonable or improper to be driving on the roads in the area during the summer. In fact, most of the witnesses testified that they themselves used the various roads in the summer. In short, there was no substantial evidence upon which a jury could find the conduct of Edwards to be a breach of any duty owed, without engaging in speculation. Accordingly, the district court was correct in granting the directed verdict.

## B. ATTORNEY FEES

■ In this case, Edwards has cross-appealed claiming that the district court erred by refusing to grant his request for attorney fees. The record does not, however, contain any such request nor any order denying it. Like the burden normally placed on appellants, a cross-appellant bears the burden of establishing a record and presenting it on appeal to substantiate his or her claim. *Melton v. Lehmann*, 118 Idaho 61, 64–65, 794 P.2d 650, 653–54 (Ct.App.1990). In the absence of such documentation, we will not presume error. Thus, we will not consider Edwards' claim for attorney fees below.

■ Edwards also seeks attorney fees on appeal. Under I.C. § 12–121 and I.R.C.P. 54(e)(1), a court may award attorney fees to the prevailing party where it finds that "the case was brought, pursued or defended frivolously, unreasonably or without foundation." This code section also applies to cases on appeal. *Troche v. Gier*, 118 Idaho 740, 800 P.2d 136 (Ct.App.1990). Having reviewed the evidence and arguments on appeal, we conclude that the appeal was not brought frivolously, unreasonably or without foundation. Although the Association did not prevail on appeal, the sufficiency of the evidence and the applicability of the doctrine of *res ipsa loquitur* were not so clearly established as to warrant an award of attorney fees. Therefore, we decline to award attorney fees to Edwards on appeal.

## CONCLUSION

The district court was correct in determining that the doctrine of *res ipsa loquitur* did

not apply to the facts of this case. The evidence presented at trial was insufficient to allow the case to be considered by the jury, and the granting of a directed verdict was proper. We will not consider Edwards' cross-appeal claim for attorney fees below and find that attorney fees are not warranted on appeal. Costs awarded on appeal to respondents Edwards.

WALTERS, C.J., and LANSING, J., concur.