**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 41235**

| | | |
|---|---|---|
| LEE EDD GREEN, JR., | ) | |
| | ) | **2014 Opinion No. 55** |
| Petitioner-Appellant, | ) | |
| | ) | **Filed: July 18, 2014** |
| v. | ) | |
| | ) | **Stephen W. Kenyon, Clerk** |
| STATE OF IDAHO, | ) | |
| | ) | |
| Respondent. | ) | |
| | ) | |

Appeal from the District Court of the Third Judicial District, State of Idaho, Owyhee County. Hon. Molly J. Huskey, District Judge.

Judgment summarily dismissing action for post-conviction relief, <u>affirmed</u>.

Richard L. Harris, Caldwell, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Lee Edd Green, Jr. appeals from the judgment dismissing his petition for post-conviction relief on the ground that it was barred by the statute of limitations. We affirm.

**I.**

**BACKGROUND**

In 2011, Green was represented by appointed counsel in a criminal case. Pursuant to a negotiated plea agreement, Green pleaded guilty to two counts of lewd conduct with a minor child under sixteen, Idaho Code § 18-1508, and one count of felony injury to a child, I.C. § 18-1501(1). The plea agreement provided for the dismissal of additional charges and required that the district court retain jurisdiction, but left the underlying sentence open to argument. The agreement further provided that Green waived his right to appeal, his right to file an Idaho Criminal Rule 35 motion for reduction of sentence, and his right to file an action for post-conviction relief. The district court imposed concurrent unified sentences of twenty years with

1

ten years fixed for the lewd conduct convictions, and a consecutive unified sentence of ten years with five years fixed for felony injury to a child. In accord with the agreement, the district court also retained jurisdiction for 180 days. The judgment of conviction was filed on December 20, 2011.

On June 15, 2012, at the conclusion of Green's rider,[1] the district court relinquished jurisdiction and executed the sentences. Shortly thereafter, Green filed an Idaho Criminal Rule 35 motion for reduction of the sentences and an appeal from the order relinquishing jurisdiction. The district court denied the Rule 35 motion on the ground that, through the plea agreement, Green had waived his right to file the motion. Green's appeal was also dismissed on the State's motion, presumably also on the basis of the waiver in the plea agreement.

On March 6, 2013, one year and seventy days after entry of the judgment of conviction, Green filed this post-conviction action asserting a number of claims of ineffective assistance of defense counsel. The State filed a motion for summary dismissal on the basis of the plea agreement's waiver of Green's right to file a post-conviction petition and, in the alternative, on the basis that the action was barred by the statute of limitations. The district court declined to dismiss the action on the ground of waiver,[2] but granted the State's motion to dismiss the petition as time-barred. Green filed a motion for reconsideration of the dismissal, which the district court denied, and Green now appeals.

## II.

## ANALYSIS

A summary dismissal of a post-conviction action will be upheld on appeal if the facts alleged by the petitioner, even if true, would not entitle petitioner to relief. *See* I.C. § 19-4906; *Matthews v. State*, 122 Idaho 801, 807, 839 P.2d 1215, 1221 (1992); *Wilson v. State*, 133 Idaho 874, 877-78, 993 P.2d 1205, 1208-09 (Ct. App. 2000). Legal conclusions of the district court are reviewed *de novo. Owen v. State*, 130 Idaho 715, 716, 947 P.2d 388, 389 (1997); *Wilson*, 133

---

[1]     "Rider" is a term for the retained jurisdiction program.

[2]     Green's brief on appeal includes an argument, supported by authority from other jurisdictions, that it is impermissible for a criminal defense attorney to advise a client to waive the right to pursue post-conviction relief for ineffective assistance of counsel due to the conflict of interest that is inherent in such advice. Green argues that such waivers are void. Because we conclude that Green's post-conviction action was barred on other grounds, we do not reach this issue.

2

Idaho at 878, 993 P.2d at 1209. Whether this post-conviction action is barred by the statute of limitations is an issue of law and is therefore subject to our free review.

The limitations period for filing a petition for post-conviction relief in noncapital cases is "one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." I.C. § 19-4902. The "appeal" referenced in that section means an appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003); *Hanks v. State*, 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct. App. 1992). With respect to post-conviction claims arising from prejudgment proceedings in the criminal case, the limitations period generally begins to run from the expiration of the time for appeal from the judgment of conviction. If the post-conviction claims arise from matters that occurred after judgment in the criminal case and that led to a post-judgment order from which the petitioner seeks relief, then the limitations period commences upon the expiration of the time for appeal from the post-judgment order. Illustrative of these principles is *Lake v. State*, 124 Idaho 259, 858 P.2d 798 (Ct. App. 1993), where a petition for post-conviction relief asserted both claims relating to a 1984 judgment of conviction and a claim of ineffective assistance of counsel during 1986 probation revocation proceedings. We held that the petitioner's claim which related to the probation revocation proceeding was timely, but that the claims relating to the 1984 convictions were barred by the statute of limitations. *Id.* at 260, 858 P.2d at 799. Similarly, in *Fox v. State*, 129 Idaho 881, 884, 934 P.2d 947, 950 (Ct. App. 1997), we held that a post-conviction petition was timely with respect to a claim of ineffective assistance of counsel in handling a post-judgment motion for reduction of sentence, but was untimely with respect to claims related to the judgment of conviction itself. And, in *Gonzalez*, 139 Idaho at 386-87, 79 P.3d at 745-46, the post-conviction petition would have been timely for claims related to probation revocation proceedings, but the petition included no claim concerning the order revoking probation. Instead, all of the claims for post-conviction relief referred to proceedings leading to the judgment of conviction and sentence. For those claims, we held that the limitation period for a post-conviction action had expired years before the action was filed. These cases stand for the proposition that where there has been a motion or proceeding after judgment in a criminal action, the entry of an order on that matter does not usually affect the running of the statute of limitations for a post-conviction relief claim that arose from events which preceded the judgment of conviction.

3

Thus, a determination of the timeliness of a post-conviction petition must begin with the allegations in the petition itself which identify the underlying criminal proceeding, order, or judgment that the petitioner seeks to set aside. Here, Green's petition asserted a number of claims of ineffective assistance of defense counsel, including claims that his defense attorney did an inadequate investigation; refused to offer defenses even though Green provided names of witnesses who could support the defenses; urged Green to plead guilty rather than pursuing defenses; improperly permitted Green to enter into a plea agreement that waived Green's rights to appeal, to file a Rule 35 motion, or to file an action for post-conviction relief; and falsely assured Green that the plea agreement required that he be placed on probation if he successfully completed the retained jurisdiction program. Because all of these claims involve allegations of prejudgment errors and omissions of defense counsel, the one-year limitation period for Green's post-conviction action began to run from the expiration of the time to appeal from the judgment of conviction.

The time for filing appeals in criminal cases is governed by Idaho Appellate Rule 14(a) which states:

> Any appeal as a matter of right from the district court may be made only by physically filing a notice of appeal with the clerk of the district court within 42 days from the date evidenced by the filing stamp of the clerk of the court on any judgment or order of the district court appealable as a matter of right in any civil or criminal action. . . . The time for an appeal from any criminal judgment, order or sentence in an action is terminated by the filing of a motion within fourteen (14) days of the entry of the judgment which, if granted, could affect the judgment, order or sentence in the action, in which case the appeal period for the judgment and sentence commences to run upon the date of the clerk's filing stamp on the order deciding such motion. If, at the time of judgment, the district court retains jurisdiction pursuant to Idaho Code § 19-2601(4), the length of time to file an appeal from the sentence contained in the criminal judgment shall be enlarged by the length of time between entry of the judgment of conviction and entry of the order relinquishing jurisdiction or placing the defendant on probation; provided, however, that all other appeals challenging the judgment must be brought within 42 days of that judgment.

Here, the judgment of conviction was filed on December 20, 2011. Therefore, the time to file an appeal challenging the judgment or any act that preceded the judgment expired forty-two days later, on January 31, 2012. It follows that the one-year statute of limitations for Green to file a

post-conviction petition under I.C. § 19-4902 expired on January 31, 2013,[3] and Green's petition filed on March 6, 2013, was untimely.

Green asserts that the final sentence of the above-quoted portion of Rule 14(a) operated to make his petition timely, but he misreads the rule. The sentence provides that if the district court retains jurisdiction, the time for an appeal from *the sentence only* is enlarged by the time between entry of the judgment of conviction and entry of an order relinquishing jurisdiction or placing the defendant on probation. The rule expressly states that *all other appeals challenging the judgment* must be brought within forty-two days of that judgment.[4] Therefore, except for appeals challenging the defendant's sentence, a period of retained jurisdiction does not extend the forty-two-day time limit for an appeal from the judgment of conviction. Because none of Green's post-conviction claims assert ineffective assistance of counsel or other flaws in the sentencing proceedings, the statute of limitations for his post-conviction claims was not extended by the period of retained jurisdiction.

It must be acknowledged that one of Green's post-conviction claims relates indirectly to the sentences, but the claimed deficiency of his defense attorney occurred at or before the guilty plea hearing. Green alleges that his defense attorney was deficient for failing to require language in the plea agreement obligating the court to place Green on probation if probation was recommended by the Idaho Department of Correction's jurisdictional review committee. He also alleges that defense counsel falsely assured Green that under terms of the plea agreement he would receive probation in such event. While these allegations are related to Green's sentences,

---

[3] The State argues that because Green's plea agreement included a waiver of his right to appeal, the limitations period for his post-conviction action commenced on December 20, 2011, the date of the judgment of conviction, rather than forty-two days later. This contention is without merit. Idaho Code § 19-4902 specifies that where no appeal from the judgment of conviction has been taken, the limitations period for a post-conviction action begins upon "expiration of the *time* for appeal." It is not conditioned upon there being a meritorious *basis* for an appeal.

[4] This provision of I.A.R. 14(a) formerly stated: "In a criminal case, the time to file an appeal is enlarged by the length of time the district court actually retains jurisdiction pursuant to Idaho Code. When the court releases its retained jurisdiction or places the defendant on probation, the time within which to appeal shall commence to run." By amendment effective July 1, 2011, the rule was changed to its current form. Cases that Green relies upon for the proposition that the time for appeal from a judgment is enlarged by the period of retained jurisdiction are based upon the former version of I.A.R. 14(a).

they allege deficiencies by counsel in the course of the plea negotiations. They are in substance a challenge to the validity of Green's guilty plea, and hence to the judgment of conviction. If Green were entitled to relief on these claims, the relief would be vacating the guilty plea and the judgment that was predicated upon that plea. None of Green's claims of ineffective assistance relate to counsel's conduct at the sentencing hearing or in any proceedings concerning relinquishment of jurisdiction at the conclusion of his rider. For these reasons, the statute of limitations for these claims was not extended by the final sentence of Rule 14(a).

Green also asserts that his Idaho Criminal Rule 35 motion for reduction of sentence filed on June 26, 2012, extended the period for appeal from his judgment of conviction by terms of the second sentence of the above-quoted portion of Rule 14(a), and that the limitations period for his post-conviction action was thereby extended. Again, he is incorrect. Although the Rule 35 motion was filed within fourteen days of the June 15, 2012, order relinquishing jurisdiction, it was not filed within fourteen days of the *judgment*, as required by the rule. Consequently, the motion had no effect on the time for an appeal from the judgment of conviction and no effect on the commencement of the statute of limitations for a post-conviction petition. *Fox*, 129 Idaho at 884, 934 P.2d at 950.

Finally, Green appears to argue that his June 27, 2012, appeal from the June 15, 2012, order relinquishing jurisdiction operated to delay commencement of the one-year limitations period until that appeal was dismissed because I.C. § 19-4902 provides, in part, that the limitations period does not begin until "the determination of an appeal." We disagree. If Green was at that point attempting to appeal from the *judgment of conviction*, the appeal would have been untimely under I.A.R. 14(a). An untimely notice of appeal in a criminal case does not produce a valid appeal for an appellate court to "determine" and therefore cannot postpone or restart the post-conviction statute of limitations under I.C. § 49-4902(a). *Schultz v. State*, 151 Idaho 383, 385, 256 P.3d 791, 793 (Ct. App. 2011); *Amboh v. State*, 149 Idaho 650, 652-53, 239 P.3d 448, 450-51 (Ct. App. 2010); *Loman v. State*, 138 Idaho 1, 2, 56 P.3d 158, 159 (Ct. App. 2002).

Even without the extension of the limitations period for which Green has argued in this appeal, more than half a year remained for Green to file this post-conviction action after the court relinquished jurisdiction in his criminal case. He did not file this action, however, until

6

twenty-eight days after the limitations period expired.  Therefore, his post-conviction action was properly dismissed by the district court.

The district court's judgment dismissing Green's untimely post-conviction petition is affirmed.

Chief Judge GUTIERREZ and Judge MELANSON **CONCUR.**