79 P.3d 743

**Lisa Marie GONZALEZ, Petitioner–Appellant,**

v.

**STATE of Idaho, Respondent.**

**No. 28976.**

Court of Appeals of Idaho.

Nov. 3, 2003.

Molly J. Huskey, State Appellate Public Defender; Eric Don Fredericksen, Deputy

Appellate Public Defender, Boise, for appellant.

Hon. Lawrence G. Wasden, Attorney General; Ralph Reed Blount, Deputy Attorney General, Boise, for respondent.

LANSING, Chief Judge.

Lisa Marie Gonzalez appeals from the order of the district court dismissing her petition for post-conviction relief as untimely. We affirm.

## I.

## BACKGROUND

The facts relating to Gonzalez's underlying criminal conviction were set forth in this Court's opinion on Gonzalez's appeal from an order revoking her probation:

> In January 1990, [Gonzalez] pleaded guilty to aggravated battery and received a unified ten-year sentence with five years determinate. The court suspended the sentence, however, and placed her on probation. In June 1990, it was reported that Gonzalez violated her probation by consuming alcohol, driving under the influence, causing an automobile accident, and fleeing the scene of the accident. She admitted the violations, but the court reinstated her probation subject to additional conditions, including participation in an alcohol treatment program. In September 1990, Gonzalez's probation officer again reported violations, including failure to attend her court-ordered substance abuse counseling program, failure to appear for job training, changing her residence without permission, and failing to appear for bi-monthly reports to her probation officer. Gonzalez never again reported to her probation officer, and she remained at large for more than nine years. When she was finally apprehended in February 2000, the district court revoked probation and ordered execution of Gonzalez's original sentence. She now appeals, contending that the district court abused its discretion by not reducing her sentence when her probation was revoked.

*State v. Gonzalez,* 136 Idaho 457, 35 P.3d 274 (Ct.App. 2001) (unpublished). The district court's revocation order was affirmed on appeal.

In February 2001, Gonzalez filed an action for post-conviction relief. Her amended petition alleged that her defense attorney provided ineffective assistance in the criminal case because he: (1) did not adequately communicate with her, (2) refused to raise the defense of self-defense, and (3) did not adequately investigate the presentence investigation report or allow Gonzalez adequate time to review the presentence investigation report. The State filed a motion to dismiss the post-conviction action asserting, among other things, that the petition was untimely because it contained only claims arising from conduct of counsel that preceded the 1990 judgment. The district court agreed and dismissed the petition on the ground that it was time barred. Gonzalez appeals.

## II.

## ANALYSIS

A petition for post-conviction relief may be summarily dismissed when there exist no genuine issues of material fact and, on the undisputed facts, the State is entitled to judgment as a matter of law. *Berg v. State,* 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Cowger v. State,* 132 Idaho 681, 684, 978 P.2d 241, 244 (Ct.App.1999); *Gonzales v. State,* 120 Idaho 759, 763, 819 P.2d 1159, 1163 (Ct. App.1991).

The statute of limitation for post-conviction actions, Idaho Code § 19–4902, provides that a petition for post-conviction relief "may be filed at any time within one (1) year from the expiration of the time for appeal or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later." The "appeal" referenced in that section means the appeal in the underlying criminal case. *Freeman v. State,* 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App.1992); *Hanks v. State,* 121 Idaho 153, 154, 823 P.2d 187, 188 (Ct.App.1992).

Gonzalez did not appeal from her judgment of conviction. Therefore, because the time for appeal expired forty-two days

after entry of the judgment pursuant to Idaho Appellate Rule 14, the statute of limitation for a post-conviction action challenging the legality of Gonzalez's conviction began to run on the forty-third day. *See Loman v. State*, 138 Idaho 1, 2, 56 P.3d 158, 159 (Ct. App.2002). Gonzalez did, however, appeal from the February 2000 order revoking probation, and that appeal was not resolved until April 2001. The question thus presented is whether Gonzalez's petition for post-conviction relief was timely because it was filed within one year after the conclusion of her appeal from the probation revocation order. We conclude that the petition is not timely because Gonzalez's post-conviction petition does not challenge the probation revocation order or proceedings leading up to it but, rather, challenges only the validity of the judgment of conviction and sentence imposed in January 1990.

 This conclusion is dictated by our decision in *Lake v. State*, 124 Idaho 259, 858 P.2d 798 (Ct.App.1993). In that case, a petition for post-conviction relief was filed in May 1990 challenging both a judgment of conviction that had been entered in April 1984 and a probation revocation order that was entered in November 1986. At the time of *Lake*, I.C. § 19–4902 allowed a defendant five years to bring an action for post-conviction relief. *See* footnote 2, *infra*. We held that the petitioner's claim that he received ineffective assistance of counsel during the probation revocation proceeding was timely, but that the claims relating to the 1984 convictions were barred by the statute of limitation. *Id.* at 260, 858 P.2d at 799. It is implicit in that decision that the time for filing a post-conviction application challenging a judgment of conviction or sentence does not start anew from the entry of a probation revocation order. Rather, any post-conviction action filed within the limitations period

connected to the probation revocation order, but beyond the limitations period measured from the appeal period for the judgment of conviction, may address only issues that arose from the probation revocation proceeding. *Cf. Fox v. State*, 129 Idaho 881, 934 P.2d 947 (Ct.App.1997) (holding that where a post-conviction petition was untimely when the limitation period was measured from the judgment of conviction, but was timely from an order denying a Rule 35 motion for reduction of sentence, claims challenging the judgment were barred but a claim of ineffective assistance of counsel in handling the Rule 35 motion was not barred). It is thus established that where there has been a post-judgment motion or proceeding in a criminal action, the order entered on the post-judgment matter ordinarily does not extend the statute of limitation for a post-conviction action pertaining to the judgment of conviction or the original sentence.[1]

In the instant case, the limitation period for a post-conviction action challenging Gonzalez's judgment or sentence expired years before this action was filed.[2] Her petition was timely only to challenge the probation revocation proceedings. All of the claims for post-conviction relief alleged in Gonzalez's petition, however, relate to the judgment of conviction and sentence; she has raised no claim concerning the order revoking probation. Therefore, all of the claims she has asserted are barred by the statute of limitation.

 Gonzalez contends that at least one of her claims is not barred. She asserts that her claim of ineffective assistance of counsel because her defense attorney did not adequately examine the presentence investigation report or allow Gonzalez sufficient time to review it relates to her probation revoca-

---

1. An exception to this rule exists when a cognizable post-judgment motion was filed within fourteen days from entry of the judgment of conviction. Idaho Appellate Rule 14 provides that in such event, the period for appeal from the judgment commences upon the entry of an order deciding the post-judgment motion. Because the time for appeal from the judgment is extended, the commencement of the limitation period for a post-conviction action is likewise extended.

2. At the time of Gonzalez's conviction, the statute of limitation for post-conviction actions was five years. That limitation period was reduced to one year in 1993. *See* 1993 Idaho Sess. Laws, ch. 265, § 1. As a consequence of this amendment, the limitation period for a post-conviction action contesting Gonzalez's conviction expired on July 1, 1994—one year from the effective date of the amendment. *See Esquivel v. State*, 128 Idaho 390, 913 P.2d 1160 (1996).

tion proceeding. The record does not support this assertion. The petition alleges that Gonzalez saw the PSI only five minutes before "appearing in court at the sentencing," and her affidavit also makes reference to her "appearance in court at the sentencing." According to the transcript of the hearing on the State's motion to dismiss the post-conviction action, Gonzalez's attorney acknowledged that this claim related only to the original sentencing hearing. Therefore, we find no merit in Gonzalez's new position that this claim also arises from her probation revocation proceedings.

Gonzalez's petition for post-conviction relief, which challenged only her judgment of conviction and sentence, was untimely filed. Therefore, the district court's order dismissing the petition is affirmed.

Judge PERRY and Judge GUTIERREZ concur.