IN THE COURT OF APPEALS OF THE STATE OF IDAHO
Docket No. 39243

| CHARLES G. FORDYCE, | ) | 2012 Unpublished Opinion No. 723 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: November 15, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Michael R. McLaughlin, District Judge.

Order denying motion for relief from judgment, affirmed.

Charles G. Fordyce, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Russell J. Spencer, Deputy Attorney General, Boise, for respondent.
_____

GRATTON, Chief Judge

Charles G. Fordyce appeals from the district court's denial of his motion for relief from judgment.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

On July 27, 2004, Fordyce pled guilty to aggravated battery and malicious injury to property. However, on October 27, 2004, Fordyce filed a motion to withdraw his guilty plea. The district court denied the motion finding that his guilty plea was freely, voluntarily, intelligently, and knowingly made. Fordyce argues it was at this time he requested that his counsel file an appeal, which his attorney failed to do. The district court later sentenced Fordyce to a unified term of ten years, with five years determinate. The district court then suspended Fordyce's sentence and placed him on probation for a period of ten years. No appeal was filed. In 2008, Fordyce violated the terms of his probation and the district court revoked his probation and executed the underlying sentence. No appeal was filed.

1

On November 4, 2009, Fordyce filed a petition for post-conviction relief alleging ineffective assistance of counsel for failing to "file a notice of appeal from his conviction and sentence." After an evidentiary hearing, the district court granted Fordyce relief and an order was entered on December 28, 2010, which stated "the final judgment of conviction entered against Mr. Fordyce on December 19, 2008, . . . shall be vacated, and re-filed against him, thereby correcting Mr. Fordyce's denial of effective assistance of counsel." Subsequently, the district court filed an amended order revoking probation in the underlying criminal case, from which Fordyce timely appealed. This Court affirmed the amended order revoking probation. *State v. Fordyce*, Docket No. 38453 (Ct. App. Nov. 15, 2011) (unpublished).

While his appeal of the amended order revoking probation was pending, Fordyce filed two pro se motions regarding his post-conviction proceedings. On July 6, 2011, Fordyce mailed a request to the district court to reinstate his appellate rights stemming from his underlying 2004 criminal case. On July 13, 2011, the district court denied this motion on the grounds that Fordyce was represented by counsel. On August 15, 2011, Fordyce filed another pro se motion to correct the order granting him post-conviction relief pursuant to Idaho Rule of Civil Procedure 60(a) and (b), which he characterized as a motion for relief from judgment. The district court again denied this motion, as Fordyce was represented by counsel. Fordyce timely appealed the district court's denial of his motion for relief from judgment.

## II.

## DISCUSSION

Fordyce contends that the district court made a clerical error or mistake when it allowed appeal of the 2008 amended order revoking his probation, and not his 2004 underlying criminal conviction and sentence. Fordyce also argues on appeal that he was entitled to file his pro se motions and that the district court erred by concluding that he had appointed counsel and thus could not file any pro se motions. The State contends that the Rule 60 motion was untimely except as to an assertion of clerical error, that Fordyce was not entitled to hybrid representation, and that he could not have obtained relief from the 2004 conviction.

Fordyce was not entitled to post-conviction relief on his underlying 2004 criminal case because the statute of limitation had run. Our review of the district court's construction and petition of the limitation statute is a matter of free review. *Freeman v. State*, 122 Idaho 627, 628, 836 P.2d 1088, 1089 (Ct. App. 1992). The statute of limitation for post-conviction actions,

2

Idaho Code § 19-4902(a), provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal in the criminal case or from the determination of appeal or from the determination of a proceeding following an appeal, whichever is later. *See Sayas v. State*, 139 Idaho 957, 959, 88 P.3d 776, 778 (Ct. App. 2003). An appeal from a judgment of conviction may be filed within forty-two days of the entry of judgment. Idaho Appellate Rule 14(a). Thus, if no appeal is filed from a judgment of conviction, the one-year limitation period for a post-conviction action commences on the forty-third day after judgment. *Schultz v. State*, 151 Idaho 383, 385, 256 P.3d 791, 793 (Ct. App. 2011).

Fordyce did not appeal from his 2004 judgment of conviction and sentence. Therefore, because the time for appeal expired forty-two days after entry of the judgment pursuant to I.A.R. 14, the statute of limitation for a post-conviction action challenging the assistance rendered by counsel during 2004 proceedings began to run on the forty-third day. *See Schultz*, 151 Idaho at 385, 256 P.3d at 793; *Loman v. State*, 138 Idaho 1, 2, 56 P.3d 158, 159 (Ct. App. 2002). Fordyce did, however, file for post-conviction relief within one year of the district court's order revoking his probation. The question thus presented is whether Fordyce's petition for post-conviction relief was timely as to the relief sought on the 2004 judgment of conviction and sentence because it was filed within one year of the district court's order revoking probation. We conclude that Fordyce's petition was not timely because it did not challenge the order revoking probation or proceedings leading up to it but, rather, challenged only his 2004 judgment of conviction and sentence. Fordyce makes no cogent argument as to any reason whereby the petition could be deemed timely from the 2004 conviction.

In *Gonzalez v. State*, 139 Idaho 384, 79 P.3d 743 (Ct. App. 2003), a petition for post-conviction relief was filed in February 2001 challenging the petitioner's judgment of conviction that had been entered in September 1990 and not the probation revocation order that was entered in February 2001. We held that the petitioner's claim that she received ineffective assistance of counsel during the 1990 conviction was barred by the statute of limitation. *Id.* at 385, 79 P.3d at 744. It is implicit in that decision that the time for filing a post-conviction petition challenging a judgment of conviction or sentence does not start anew from the entry of a probation revocation order. Rather, any post-conviction action filed within the limitation period connected to the probation revocation order, but beyond the limitation period measured from the appeal period for

3

the judgment of conviction, may address only issues that arose from the probation revocation proceeding. *Cf. Fox v. State*, 129 Idaho 881, 934 P.2d 947 (Ct. App. 1997) (holding that where a post-conviction petition was untimely when the limitation period was measured from the judgment of conviction, but was timely from an order denying a Rule 35 motion for reduction of sentence, claims challenging the judgment were barred but a claim of ineffective assistance of counsel in handling the Rule 35 motion was not barred). It is thus established that where there has been a post-judgment motion or proceeding in a criminal action, the order entered on the post-judgment matter ordinarily does not extend the statute of limitation for a post-conviction action pertaining to the judgment of conviction or the original sentence.[1] *Gonzalez*, 139 Idaho at 386, 79 P.3d at 745.

In the instant case, the limitation period for a post-conviction action challenging Fordyce's 2004 judgment or sentence expired years before he filed his petition for post-conviction relief on November 4, 2009. His petition was timely only to seek to appeal the probation revocation proceedings. Fordyce was granted the only relief he could be afforded. Our record does not support a contention that the district court made a clerical error. Fordyce has failed to demonstrate that the district court erred by denying his Rule 60 motion for relief from judgment.

### III.

### CONCLUSION

Fordyce's petition for post-conviction relief, challenging his 2004 judgment of conviction and sentence, was not timely filed. Fordyce has failed to demonstrate clerical error by the district court or other basis for Rule 60 relief. Therefore, the district court's order denying Fordyce's motion for relief from judgment is affirmed.

Judge LANSING and Judge MELANSON **CONCUR.**

---

[1] An exception to this rule exists when a cognizable post-judgment motion was filed within fourteen days from entry of the judgment of conviction. Idaho Appellate Rule 14 provides that in such event, the period for appeal from the judgment commences upon the entry of an order deciding the post-judgment motion. Because the time for appeal from the judgment is extended, the commencement of the limitation period for a post-conviction action is likewise extended.