**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 39391**

| | | |
|---|---|---|
| PETER J. BRENNAN, | ) | 2012 Unpublished Opinion No. 767 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: December 21, 2012 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County. Hon. Timothy Hansen, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Peter J. Brennan, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Chief Judge

Peter J. Brennan appeals from the district court's summary dismissal of his petition for post-conviction relief.

## I.

## FACTUAL AND PROCEDURAL BACKGROUND

Brennan pled guilty to one count of lewd conduct with a minor under sixteen. Idaho Code § 18-1508. An amended judgment of conviction was entered on June 30, 2009, to correct a clerical mistake in the original judgment. Brennan subsequently filed a Rule 35 motion for a reduction of sentence, which the district court denied. Brennan did not appeal his original sentence or the denial of his Rule 35 motion. On September 15, 2011, Brennan filed a petition for post-conviction relief, which was filed within one year of the denial of his Rule 35 motion, but more than two years after the entry of the amended judgment of conviction. Brennan's post-conviction petition contained ineffective assistance of counsel claims related to failure to file a

1

suppression motion based upon asserted *Miranda*[1] violations and use of a psychosexual evaluation at sentencing. The district court entered a notice of intent to dismiss the petition, on the ground that the petition was untimely and lacking any basis for equitable tolling of the one-year period for filing the petition under I.C. § 19-4902. Brennan responded to the court's notice of intent to dismiss, stating there was no time limit on a successive petition for post-conviction relief. While Brennan labeled his petition for post-conviction relief "successive," it was the first and only post-conviction petition he had filed. The district court summarily dismissed Brennan's petition for post-conviction relief, again stating the petition was untimely and that no ground for equitable tolling had been asserted. Brennan appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

---

[1]     *See Miranda v. Arizona*, 384 U.S. 436 (1966).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283, 1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

The district court correctly dismissed Brennan's petition for post-conviction relief as untimely and not subject to equitable tolling. Under I.C. § 19-4902(a), a post-conviction proceeding must be filed "within one (1) year from the expiration of the time for appeal or from the determination of an appeal or from the determination of a proceeding following an appeal, whichever is later." The failure to file a timely petition is a basis for dismissal unless the petitioner can show that the statute of limitations should be tolled. *Evensiosky v. State*, 136 Idaho 189, 191, 30 P.3d 967, 969 (2001). Equitable tolling of the statute of limitations for filing a post-conviction relief petition has been recognized in Idaho: (1) where the petitioner was incarcerated in an out-of-state facility on an in-state conviction without legal representation or access to Idaho legal materials; (2) where mental disease and/or psychotropic medication renders a petitioner incompetent and prevents petitioner from earlier pursuing challenges to his conviction, *Sayas v. State*, 139 Idaho 957, 960, 88 P.3d 776, 779 (Ct. App. 2003); and (3) where there are claims which simply were not known to the petitioner within the time limit, yet raise important due process issues, *Rhoades*, 148 Idaho at 250, 210 P.3d at 1090.

First, Brennan's petition is not a successive petition and, therefore, any rules regarding the timeliness of successive petitions are irrelevant. Second, Brennan's petition is untimely because it was filed more than two years after the filing of the judgment of conviction, and the filing and denial of Brennan's Rule 35 motion did not extend the time which Brennan had to file his petition for post-conviction relief. *See Gonzalez v. State*, 139 Idaho 384, 386, 79 P.3d 743, 745 (Ct. App. 2003). In *Gonzalez*, the Court held "that where there has been a post-judgment motion or proceeding in a criminal action, the order entered on the post-judgment matter ordinarily does not extend the statute of limitation for a post-conviction action pertaining to the judgment of conviction or the original sentence." *Id*. (footnote omitted). Third, as noted by the district court, Brennan raised no claims and presented no facts which would support application of the equitable tolling doctrine.

### III.

### CONCLUSION

Brennan's petition was not timely filed. Therefore, the district court's order summarily dismissing Brennan's petition is affirmed.

Judge LANSING and Judge GUTIERREZ **CONCUR.**