**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40188**

| | | |
|---|---|---|
| DWAYNE ROBERT STEPHENSON, | ) | 2013 Unpublished Opinion No. 446 |
| | ) | |
| Petitioner-Appellant, | ) | Filed: April 15, 2013 |
| | ) | |
| v. | ) | Stephen W. Kenyon, Clerk |
| | ) | |
| STATE OF IDAHO, | ) | THIS IS AN UNPUBLISHED |
| | ) | OPINION AND SHALL NOT |
| Respondent. | ) | BE CITED AS AUTHORITY |
| | ) | |

Appeal from the District Court of the Fifth Judicial District, State of Idaho, Gooding County. Hon. John K. Butler, District Judge.

Order summarily dismissing petition for post-conviction relief, <u>affirmed</u>.

Dwayne Robert Stephenson, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Nicole L. Schafer, Deputy Attorney General, Boise, for respondent.

_____

GRATTON, Judge

Dwayne Robert Stephenson appeals from the district court's summary dismissal of his petition for post-conviction relief. We affirm.

**I.**

**FACTS AND PROCEDURE**

Stephenson filed a pro se petition for post-conviction relief in Gooding County on May 14, 2012, seeking relief in Jerome County Case Nos. CR-2002-36 and CR-2005-2371, and in Gooding County Case No. CR-2003-619. The statutory time limit for a petition for post-conviction relief began to run on December 29, 2005; March 20, 2007; and May 18, 2007, respectively.[1]

_____

[1] As the district court correctly noted, to the extent Stephenson's petition for post-conviction relief seeks relief in the Jerome County cases, he has filed in the wrong county. A Uniform Post-Conviction Procedure Act proceeding is commenced by filing an application with

1

The district court filed a notice of intent to summarily dismiss Stephenson's petition for post-conviction relief, and provided Stephenson with the statutory twenty days to assert sufficient reason to justify the untimely filing of his petition. Stephenson filed a response to the district court's notice of intent to dismiss; however, the district court summarily dismissed Stephenson's petition for post-conviction relief, finding that Stephenson had failed to establish that his petition was timely filed. Stephenson appeals.

## II.

## ANALYSIS

A petition for post-conviction relief initiates a civil, rather than criminal, proceeding, governed by the Idaho Rules of Civil Procedure. *State v. Yakovac*, 145 Idaho 437, 443, 180 P.3d 476, 482 (2008). *See also Pizzuto v. State*, 146 Idaho 720, 724, 202 P.3d 642, 646 (2008). Like plaintiffs in other civil actions, the petitioner must prove by a preponderance of evidence the allegations upon which the request for post-conviction relief is based. I.C. § 19-4907; *Stuart v. State*, 118 Idaho 865, 869, 801 P.2d 1216, 1220 (1990); *Goodwin v. State*, 138 Idaho 269, 271, 61 P.3d 626, 628 (Ct. App. 2002). A petition for post-conviction relief differs from a complaint in an ordinary civil action, however, in that it must contain more than "a short and plain statement of the claim" that would suffice for a complaint under I.R.C.P. 8(a)(1). *State v. Payne*, 146 Idaho 548, 560, 199 P.3d 123, 135 (2008); *Goodwin*, 138 Idaho at 271, 61 P.3d at 628. The petition must be verified with respect to facts within the personal knowledge of the petitioner, and affidavits, records or other evidence supporting its allegations must be attached, or the petition must state why such supporting evidence is not included. I.C. § 19-4903. In other words, the petition must present or be accompanied by admissible evidence supporting its allegations, or it will be subject to dismissal. *Wolf v. State*, 152 Idaho 64, 67, 266 P.3d 1169, 1172 (Ct. App. 2011); *Roman v. State*, 125 Idaho 644, 647, 873 P.2d 898, 901 (Ct. App. 1994).

Idaho Code § 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to motion of a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of facts, together with any affidavits submitted, that there is no genuine issue of material fact and the

the clerk of the district court in which the conviction took place. I.C. § 19-4902(a). We note, however, that the same timeliness issues would apply to the Jerome County convictions.

moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c). When considering summary dismissal, the district court must construe disputed facts in the petitioner's favor, but the court is not required to accept either the petitioner's mere conclusory allegations, unsupported by admissible evidence, or the petitioner's conclusions of law. *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Moreover, because the district court rather than a jury will be the trier of fact in the event of an evidentiary hearing, the district court is not constrained to draw inferences in the petitioner's favor, but is free to arrive at the most probable inferences to be drawn from the evidence. *Yakovac*, 145 Idaho at 444, 180 P.3d at 483; *Wolf*, 152 Idaho at 67, 266 P.3d at 1172; *Hayes v. State*, 146 Idaho 353, 355, 195 P.3d 712, 714 (Ct. App. 2008). Such inferences will not be disturbed on appeal if the uncontroverted evidence is sufficient to justify them. *Chavez v. Barrus*, 146 Idaho 212, 218, 192 P.3d 1036, 1042 (2008); *Hayes*, 146 Idaho at 355, 195 P.2d at 714; *Farnsworth v. Dairymen's Creamery Ass'n*, 125 Idaho 866, 868, 876 P.2d 148, 150 (Ct. App. 1994).

Claims may be summarily dismissed if the petitioner's allegations are clearly disproven by the record of the criminal proceedings, if the petitioner has not presented evidence making a prima facie case as to each essential element of the claims, or if the petitioner's allegations do not justify relief as a matter of law. *Kelly v. State*, 149 Idaho 517, 521, 236 P.3d 1277, 1281 (2010); *McKay v. State*, 148 Idaho 567, 570, 225 P.3d 700, 703 (2010); *DeRushé v. State*, 146 Idaho 599, 603, 200 P.3d 1148, 1152 (2009); *Charboneau v. State*, 144 Idaho 900, 903, 174 P.3d 870, 873 (2007); *Berg v. State*, 131 Idaho 517, 518, 960 P.2d 738, 739 (1998); *Murphy v. State*, 143 Idaho 139, 145, 139 P.3d 741, 747 (Ct. App. 2006); *Cootz v. State*, 129 Idaho 360, 368, 924 P.2d 622, 630 (Ct. App. 1996). Thus, summary dismissal of a claim for post-conviction relief is appropriate when the court can conclude, as a matter of law, that the petitioner is not entitled to relief even with all disputed facts construed in the petitioner's favor. For this reason, summary dismissal of a post-conviction petition may be appropriate even when the State does not controvert the petitioner's evidence. *See Payne*, 146 Idaho at 561, 199 P.3d at 136; *Roman*, 125 Idaho at 647, 873 P.2d at 901.

Conversely, if the petition, affidavits, and other evidence supporting the petition allege facts that, if true, would entitle the petitioner to relief, the post-conviction claim may not be summarily dismissed. *Charboneau v. State*, 140 Idaho 789, 792, 102 P.3d 1108, 1111 (2004); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Stuart v. State*, 118 Idaho 932, 934, 801 P.2d 1283,

1285 (1990); *Sheahan v. State*, 146 Idaho 101, 104, 190 P.3d 920, 923 (Ct. App. 2008); *Roman*, 125 Idaho at 647, 873 P.2d at 901. If a genuine issue of material fact is presented, an evidentiary hearing must be conducted to resolve the factual issues. *Kelly*, 149 Idaho at 521, 236 P.3d at 1281; *Payne*, 146 Idaho at 561, 199 P.3d at 136; *Goodwin*, 138 Idaho at 272, 61 P.3d at 629.

On appeal from an order of summary dismissal, we apply the same standards utilized by the trial courts and examine whether the petitioner's admissible evidence asserts facts which, if true, would entitle the petitioner to relief. *Ridgley v. State*, 148 Idaho 671, 675, 227 P.3d 925, 929 (2010); *Berg*, 131 Idaho at 519, 960 P.2d at 740; *Sheahan*, 146 Idaho at 104, 190 P.3d at 923; *Roman*, 125 Idaho at 647, 873 P.2d at 901. Over questions of law, we exercise free review. *Rhoades v. State*, 148 Idaho 247, 250, 220 P.3d 1066, 1069 (2009); *Downing v. State*, 136 Idaho 367, 370, 33 P.3d 841, 844 (Ct. App. 2001); *Martinez v. State*, 130 Idaho 530, 532, 944 P.2d 127, 129 (Ct. App. 1997).

Our review of the district court's construction and application of the limitation statute is a matter of free review. *Kriebel v. State*, 148 Idaho 188, 190, 219 P.3d 1204, 1206 (Ct. App. 2009). The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003).

The failure to file a timely petition is a basis for dismissal, particularly where a petitioner fails to show that the one-year statute of limitations should be tolled. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206. Equitable tolling has been recognized in Idaho where the petitioner was incarcerated in an out-of-state facility without legal representation or access to Idaho legal materials and where mental disease and/or psychotropic medication prevented the petitioner from timely pursuing challenges to the conviction. *Rhoades*, 148 Idaho at 251, 220 P.3d at 1070; *Leer v. State*, 148 Idaho 112, 115, 218 P.3d 1173, 1176 (Ct. App. 2009). In addition, in some circumstances commencement of the limitation period may be delayed until the petitioner discovers the acts giving rise to the claim. In *Charboneau*, 144 Idaho at 904, 174 P.3d at 874, the Idaho Supreme Court recognized that at least where the post-conviction claim raises important due process issues, the limitation period may be postponed until the petitioner has

discovered the factual basis for the claim. In *Amboh v. State*, 149 Idaho 650, 239 P.3d 448 (Ct. App. 2010), this Court said "in cases where equitable tolling was allowed, the petitioner was alleged to have been unable to timely file a petition due to extraordinary circumstances beyond his effective control, or the facts underlying the claim were hidden from the petitioner by unlawful state action." *Id.* at 653, 239 P.3d at 451 (internal citations omitted).

Stephenson raises numerous claims for relief, including double jeopardy, violation of plea agreement, lack of knowing and voluntary plea due to influence of drugs, court action in plea process bound court to concurrent sentences, Department of Correction sentence calculation errors, and illegal consecutive sentence. Stephenson makes no argument that any of these claims were not or could not have been known within the one-year time to file a petition for post-conviction relief. Instead, Stephenson contends that the district court erred in failing to apply equitable tolling. Absent a showing by the petitioner that the one-year statute of limitations should be tolled, the failure to file a timely petition for post-conviction relief is a basis for dismissal of the petition. *Kriebel*, 148 Idaho at 190, 219 P.3d at 1206.

First, Stephenson asserts that equitable tolling should apply because double jeopardy implicates subject matter jurisdiction which may be raised at any time. The district court correctly held that the double jeopardy claim could have been raised in Stephenson's appeal from his conviction. In *State v. Jensen*, 138 Idaho 941, 944, 71 P.3d 1088, 1091 (Ct. App. 2003), we stated that any violation of double jeopardy protection occurred upon entry of the judgment of conviction and sentences, and appeal should have been taken at that time. A petition for post-conviction relief is not a substitute for an appeal. I.C. § 19-4901(b). A claim or issue which could have been raised on appeal may not be considered in post-conviction proceedings. *Hughes v. State*, 148 Idaho 448, 462, 224 P.3d 515, 529 (Ct. App. 2009).[2] While Stephenson makes some reference to ineffective assistance of trial counsel and prior post-conviction counsel, he does not claim ineffective assistance of appellate counsel. In addition, we have been cited to no

---

[2]    In *Jensen*, we stated that Jensen may yet be able to raise the double jeopardy issue by Rule 35 or post-conviction proceedings. *State v. Jensen*, 138 Idaho 941, 944 n.2, 71 P.3d 1088, 1091 n.2 (Ct. App. 2003). We cited *State v. Storey*, 109 Idaho 993, 997, 712 P.2d 694, 698 (Ct. App. 1985) and *State v. Galaviz*, 104 Idaho 328, 658 P.2d 999 (Ct. App. 1983). We note that neither of these cases dealt with post-conviction relief. It may be that the Court was referencing the possibility of filing a timely post-conviction petition alleging ineffective assistance of counsel in regard to the asserted double jeopardy issue.

relevant precedent which holds that a double jeopardy violation negates the subject matter jurisdiction of the court. Thus, Stephenson's assertion that double jeopardy is a basis for tolling is unavailing.

Second, Stephenson contends that ineffective assistance of trial and prior post-conviction counsel is a basis for tolling.[3] However, in *Rhoades*, the Supreme Court stated that ineffective assistance of counsel does not support tolling of the one-year period to file a petition for post-conviction relief. *Rhoades*, 148 Idaho at 253, 220 P.3d at 1072.

Third, Stephenson argues that tolling is appropriate because the Department of Correction has erected barriers to the timely filing of the petition by having an inadequate legal library. Stephenson contends that the inadequate library makes it difficult to know what is or is not a viable post-conviction claim, but does not present any facts as to how this asserted difficulty prevented the timely filing of the petition. A denial of access to the courts may support tolling. *Martinez v. State*, 130 Idaho 530, 535-36, 944 P.2d 132-33 (Ct. App. 1997). However, an inmate has no standing to assert an access to courts claim unless he first demonstrates a relevant "actual injury." Actual injury has been defined as a "specific instance in which the inmate was actually denied access to the courts." *Vandelft v. Moses*, 31 F.3d 794, 796 (9th Cir. 1994). Stephenson has made only conclusory allegations as to this claim and provided no evidence of actual denial of access to the courts.

Finally, we note that, even if a circumstance warranting tolling had existed, Stephenson provided no evidence or even argument as to when the circumstance preventing the timely filing of the petition ceased or that the petition was filed within a reasonable time after the cessation of the tolling period. *See Charboneau*, 144 Idaho at 905, 174 P.3d at 875. Stephenson has failed to establish a basis for tolling of the one-year time period for filing a petition for post-conviction relief. Because Stephenson's petition for post-conviction relief was untimely, the district court did not err in summarily dismissing the petition.

---

[3]     The record in this case is unclear as to any prior post-conviction petition to which Stephenson may be referring. Stephenson did not present this case as a successive petition and the district court did not address any successive petition issues.

## III.

## CONCLUSION

The district court's order summarily dismissing Stephenson's petition for post-conviction relief is affirmed.

Chief Judge GUTIERREZ and Judge LANSING **CONCUR.**