**IN THE COURT OF APPEALS OF THE STATE OF IDAHO**

**Docket No. 40798**

| | | |
|---|---|---|
| **RAY M. NICHOLS,** | ) | **2014 Unpublished Opinion No. 575** |
| | ) | |
| Petitioner-Appellant, | ) | **Filed: June 19, 2014** |
| | ) | |
| v. | ) | **Stephen W. Kenyon, Clerk** |
| | ) | |
| **STATE OF IDAHO,** | ) | **THIS IS AN UNPUBLISHED** |
| | ) | **OPINION AND SHALL NOT** |
| Respondent. | ) | **BE CITED AS AUTHORITY** |
| | ) | |

Appeal from the District Court of the Fourth Judicial District, State of Idaho, Ada County.  Hon. Melissa Moody, District Judge.

Judgment dismissing petition for post-conviction relief, <u>affirmed</u>.

Ray M. Nichols, Boise, pro se appellant.

Hon. Lawrence G. Wasden, Attorney General; Mark W. Olson, Deputy Attorney General, Boise, for respondent.

_____

LANSING, Judge

Ray M. Nichols was convicted of robbery in 1992 and is serving a fixed life sentence. He argues that the sentencing court erred by imposing that sentence because the maximum authorized fixed sentence was five years.  Moreover, he contends that because this error divested the district court of subject matter jurisdiction, it may be raised in a post-conviction action twenty years later.  The district court disagreed and dismissed the case as untimely.  We affirm.

## I.

## BACKGROUND

In 1992, Nichols was convicted of robbery in violation of Idaho Code § 18-6501.[1]  The district court imposed a fixed life term of imprisonment.  He appealed and claimed that certain evidence should have been excluded at trial.  We affirmed the judgment of conviction in *State v.*

_____

[1]     He was also convicted of burglary, but that charge is not related to the issues on appeal.

1

*Nichols*, 124 Idaho 651, 862 P.2d 343 (Ct. App. 1993). Nearly twenty years later, Nichols filed a motion pursuant to Idaho Criminal Rule 35 and a petition for post-conviction relief alleging that his sentence was not authorized by law. The Rule 35 motion was denied and we affirmed the denial in *State v. Nichols*, Docket No. 40830 (Ct. App. Dec. 31, 2013) (unpublished). This appeal arises from the dismissal of Nichols' post-conviction case.

In 2012, Nichols filed a petition for post-conviction relief. He asserted numerous claims, but nearly all of them depended upon his central contention that the district court was not authorized to impose a fixed life sentence for robbery. The post-conviction court appointed counsel and then entered its notice of intent to dismiss on timeliness grounds. Nichols filed a pro se response arguing that his action was not barred by the statute of limitations because he was challenging subject matter jurisdiction. The court held a hearing because Nichols' counsel filed no response to the court's notice of intent to dismiss.[2] At the hearing, counsel was directed to submit a response. Counsel did not do so, but made a motion for extension of time that the district court denied, in part, because the motion failed to show good cause.[3] The court granted the motion, in part, in order to permit counsel to file a proper motion for the extension so that counsel could determine if there was any legal basis to permit otherwise untimely filing. Counsel did not file any additional motion or brief. Thereafter, the district court dismissed the post-conviction case as time-barred. Nichols appeals and argues that the court erred by dismissing his case.

## II.

## ANALYSIS

Idaho Code Section 19-4906 authorizes summary dismissal of a petition for post-conviction relief, either pursuant to a motion by a party or upon the court's own initiative, if "it appears from the pleadings, depositions, answers to interrogatories, and admissions and agreements of fact, together with any affidavits submitted, that there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law." I.C. § 19-4906(c).

---

[2]  Counsel indicated that he felt it would have been unethical for him to raise the arguments Nichols advanced because he felt they were meritless.

[3]  Counsel had requested more time to investigate the factual claims raised by the petition and not the timeliness issue.

The statute of limitations for post-conviction actions provides that a petition for post-conviction relief may be filed at any time within one year from the expiration of the time for appeal, or from the determination of appeal, or from the determination of a proceeding following an appeal, whichever is later. I.C. § 19-4902(a). The appeal referenced in that section means the appeal in the underlying criminal case. *Gonzalez v. State*, 139 Idaho 384, 385, 79 P.3d 743, 744 (Ct. App. 2003). The bar of the statute of limitations is a basis for dismissal of the petition under the procedures set forth in I.C. § 19-4906. *State v. Ochieng*, 147 Idaho 621, 625, 213 P.3d 406, 410 (Ct. App. 2009).

## A. The District Court Properly Dismissed the Post-Conviction Action as Time-Barred

Nichols appealed his judgment of conviction and this Court disposed of the appeal in 1993. *See Nichols*, 124 Idaho 651, 862 P.2d 343. Accordingly, the time to file a timely petition for post-conviction relief expired in 1994 or 1995 and we must conclude that the court properly dismissed the post-conviction action unless an alternative rule applies.[4] Nichols suggests that his petition was timely because it challenged the subject matter jurisdiction of the sentencing court, an issue that may be asserted at any time and cannot be waived. According to Nichols, the sentencing court was divested of subject matter jurisdiction when it erroneously imposed a sentence of fixed life. We disagree because the sentence was not erroneous and even if the court had erred, the error would not have been jurisdictional. Therefore, the statute of limitations bars Nichols' action.

Nichols' argument is based upon I.C. § 18-6503, which provides that robbery is punishable by imprisonment "for not less than five (5) years, and the imprisonment may be extended to life," and upon I.C. § 19-2513, which states: "If the offense carries a mandatory minimum penalty as provided by statute, the court shall specify a minimum period of confinement *consistent* with such statute." (Emphasis added.) Nichols argues that Idaho Code

---

[4] Nichols argues that his time to file a petition for post-conviction relief began to run only after his Rule 35 appeal was disposed of. Because Nichols' complaints concern his original sentence, not the handling of his Rule 35 motion, this argument is meritless. *Gonzalez v. State*, 139 Idaho 384, 385-86, 79 P.3d 743, 744-45 (Ct. App. 2003).

Nichols also argues that *Martinez v. Ryan*, ___ U.S. ___, 132 S. Ct. 1309 (2012) authorizes his untimely filing. That case holds that the procedural bar applicable in federal habeas corpus proceedings does not apply when a state does not permit a post-conviction petitioner to raise a claim asserting ineffective assistance of post-conviction counsel. That holding is inapplicable here.

§ 19-2513 limits the discretion of the sentencing court when imposing the fixed portion of a sentence.

According to Nichols, that provision of Section 19-2513 precludes a court from imposing a fixed portion of a sentence for robbery that exceeds the five-year minimum stated in Section 18-6503. Nichols' argument is utterly without merit. Idaho Code §§ 18-107 and 19-2513 grant trial courts discretion in imposing the fixed and indeterminate portions of a sentence. Section 18-107 specifies:

> Whenever, in this code, the punishment for a crime is left undetermined between certain limits, the punishment to be inflicted in a particular case, must be determined by the court authorized to pass sentence within such limits as may be prescribed by this code.

Section 19-2513 states in part:

> The court shall specify a minimum period of confinement and may specify a subsequent indeterminate period of custody. The court shall set forth in its judgment and sentence the minimum period of confinement and the subsequent indeterminate period, if any, provided, that the aggregate sentence shall not exceed the maximum provided by law. During a minimum term of confinement, the offender shall not be eligible for parole or discharge or credit or reduction of sentence for good conduct except for meritorious service except as provided in section 20-223(f), Idaho Code. The offender may be considered for parole or discharge at any time during the indeterminate period of the sentence and as provided in section 20-223(f), Idaho Code.

Section 18-6503 set the outer limits of the permissible sentence for robbery (five years to life), Section 18-107 gave the court authority to impose a sentence anywhere within those outer limits, and Section 19-2513 conferred discretion to determine what portion (or all) of the sentence would be determinate or indeterminate. Consistent with that discretion, the district court may impose a fixed life sentence for the offense of robbery.

Nichols' argument distorts the meaning of I.C. § 18-6503. In substance, he contends that the five-year *minimum* sentence authorized for robbery is instead a five-year *maximum* fixed term. The statute actually authorizes for robbery a sentence of any duration between five years and life, and I.C. § 19-2513 authorizes the court to distribute that sentence between a determinate (fixed) term and an indeterminate term within the court's discretion. Therefore, Nichols' sentence for robbery is consistent with the relevant sentencing statutes, as required by I.C. § 19-2513.

4

Moreover, even if Nichols' sentence had been illegal, the error would not be jurisdictional. "Subject matter jurisdiction is the power to determine cases over a general type or class of dispute." *State v. Urrabazo*, 150 Idaho 158, 162-63, 244 P.3d 1244, 1248-49 (2010) a*brogated on other grounds by Verska v. Saint Alphonsus Reg'l Med. Ctr.*, 151 Idaho 889, 265 P.3d 502 (2011) (quoting *Bach v. Miller*, 144 Idaho 142, 145, 158 P.3d 305, 308 (2007)). In a criminal case, the "information, indictment, or complaint alleging an offense was committed within the State of Idaho confers subject matter jurisdiction upon the court." *State v. Lute*, 150 Idaho 837, 840, 252 P.3d 1255, 1258 (2011) (quoting *State v. Rogers*, 140 Idaho 223, 228, 91 P.3d 1127, 1132 (2004)); *see also State v. Olin*, 153 Idaho 891, 893, 292 P.3d 282, 284 (Ct. App. 2012) (discussing which defects in a charging document render it insufficient to convey subject matter jurisdiction). Nichols does not contend that the district court never had jurisdiction. Instead, he contends that later error divested the court of subject matter jurisdiction. However, mere judicial error does not divest a court of subject matter jurisdiction. *State v. Branigh*, 155 Idaho 404, 412, 313 P.3d 732, 740 (Ct. App. 2013) (distinguishing judicial error from a lack of subject matter jurisdiction); *see also Knight v. Dep't of Ins.*, 124 Idaho 645, 649, 862 P.2d 337, 341 (Ct. App. 1993) ("An error is jurisdictional only if it deprives the tribunal of personal jurisdiction over the parties or of subject matter jurisdiction over the proceeding."). Here, Nichols confuses authority and jurisdiction. *See State v. Armstrong*, 146 Idaho 372, 375, 195 P.3d 731, 734 (Ct. App. 2008) (noting that "courts and lawyers sometimes say that a court lacked jurisdiction when they really mean simply that the court committed error because the action that was taken did not comply with governing law"). Each of his contentions challenges the court's authority to impose the sentence, not the court's jurisdiction over the case. Therefore, the alleged error could not have divested the court's jurisdiction over the case.

## B. Nichols' Other Claims on Appeal are Meritless

On appeal, and for the first time, Nichols raises ineffective assistance of counsel claims as to both his post-conviction counsel and appellate counsel who was appointed to represent him in this appeal but was permitted to withdraw. Generally, an alleged error that was not raised below may not be considered for the first time on appeal. *State v. Fodge*, 121 Idaho 192, 195, 824 P.2d 123, 126 (1992); *State v. McGiboney*, 152 Idaho 769, 772, 274 P.3d 1284, 1287 (Ct. App. 2012). Additionally, to the extent that a petitioner may raise a claim of ineffective assistance of post-conviction counsel at all, such a claim is not among the permissible grounds

for post-conviction relief or for relief on appeal in the very case where the alleged ineffective assistance occurred. *See Griffin v. State*, 142 Idaho 438, 441, 128 P.3d 975, 978 (Ct. App. 2006); *Wolfe v. State*, 113 Idaho 337, 339, 743 P.2d 990, 992 (Ct. App. 1987). Ineffective assistance of prior post-conviction counsel may be used only to provide a sufficient reason for permitting allegations inadequately raised or pursued in the initial petition to be raised in a subsequent post-conviction petition. *Schwartz v. State*, 145 Idaho 186, 189, 177 P.3d 400, 403 (Ct. App. 2008); s*ee also Palmer v. Dermitt*, 102 Idaho 591, 596, 635 P.2d 955, 960 (1981); *Hernandez v. State*, 133 Idaho 794, 798, 992 P.2d 789, 793 (Ct. App. 1999). *But see Murphy v. State*, ___ Idaho ___, ___ P.3d ___ (Feb. 25, 2014), *reh'g pending*. Here, because we conclude that the substantive claim is meritless, any ineffective assistance of counsel is harmless.

## C.       Costs on Appeal

Idaho Appellate Rule 40 authorizes this Court to award costs to the prevailing party in a civil action. Nichols continued pursuing this appeal after his post-conviction attorney said he could find no meritorious argument, after his appellate attorney submitted an affidavit stating that the claim was meritless, and after this Court expressly held nearly identical claims to be meritless in *State v. Nichols*, Docket No. 40830 (Ct. App. Dec. 31, 2013) (unpublished). We therefore find it appropriate to award costs to the State as the prevailing party.

## III.

## CONCLUSION

We conclude that Nichols has shown no error, much less error that would divest the district court of jurisdiction. The district court properly applied the statute of limitations and dismissed this case as untimely. For these reasons, the judgment of the district court dismissing this action is affirmed. Costs awarded to the State.

Chief Judge GUTIERREZ and Judge GRATTON **CONCUR.**

6